RYAN v. ADAMSON ET AL.

1. **Insurance:** MORTGAGE: SUBROGATION. A mortgagee has no interest in a policy of insurance issued to the mortgagor for his own benefit. Under the facts in this case, *held*, that the mortgagee could not be subrogated to the rights of the mortgagor under the policy of insurance.

*Appeal from Jasper Circuit Court.*

SATURDAY, OCTOBER 22.

ACTION in chancery to foreclose a mortgage. The Circuit Court sustained a demurrer to the petition filed by the assurance company, and plaintiff electing to stand on his petition, it was dismissed. From this decision he appeals.

*Ryan Bros.*, for appellants.

*Smith & Wilson*, for appellees.

BECK, J —I. The petition alleges that one Ketcham executed a mortgage upon a town lot to secure plaintiff, his grantor, the payment of the purchase-money due him; that after the purchase of the lot, Ketcham built a house upon it, and subsequently sold the property to Adamson, who agreed to pay plaintiff the purchase-money due him; that Adamson, after he purchased the property, caused the house thereon to be insured by a policy issued by the Western Assurance Co., which is made a defendant to this action; that the building has been destroyed by fire; that the property since the destruction of the house is not equal in value to the amount of plaintiff's claim; and that Ketcham is insolvent. The petition prays for a foreclosure of the mortgage against Ketcham and Adamson and that plaintiff may be subrogated to the rights of Adamson under the policy, and that a judgment be rendered against the insurance company for the amount due plaintiff upon the mortgage. The insurance company demurred to the petition on the ground that the facts alleged fail to show any ground

for the relief demanded under the policy. The demurrer was sustained. Judgment was rendered against Ketcham, and the the case continued as to Adamson.

II. The sole question presented in the case is this: Do the facts show that plaintiff is entitled to recover the money due

1. INSUR-
ANCE : mort-
gage : subro-
gation.

upon the policy of insurance? The petition does not show privity between the plaintiff and insurance company; nor does it show an assignment or transfer to plaintiff in any form of the policy, or Adamson's interest in it. Plaintiff is not shown to be subrogated by contract to the rights of the insured. Nor can he be so subrogated by reason of any equity arising in the case. His security is just as valuable now as when the mortgage was executed, for the house insured was not in existence when the mortgage was executed. It is not shown that Adamson, who, it is alleged, assumed to, pay the debt secured by the mortgage is insolvent. Nor is it claimed that either Adamson or Ketcham undertook to add to plaintiff's security by insuring the property for his benefit. There are no facts alleged upon which equity will support plaintiff's claim to be subrogated to the rights of the assured.

We know of no rule of law or equity under which plaintiff is entitled to the relief prayed for in the petition. This case cannot be excepted from the rule that a mortgagee has no interest in a policy of insurance issued to the mortgagor for his own benefit. Adamson is to be regarded as the mortgagor for he stands in the mortgagor's shoes. In support of the rule just stated see *Columbia Ins. Co. v. Lawrence*, 10 Pet., 507; *McDonald v. Black*, 20 Ohio, 185; *Carter v. Rocket and the N. Y. Fire Ins. Co.*, 8 Paige Chy., 436. Other cases recognizing the doctrine need not be here cited. We think it is nowhere disputed.

The demurrer was rightly sustained.

AFFIRMED.