## GEORGE A. BUTLER v. JOHN H. WENDELL AND HARVEY D. WENDELL.

*Assignment with preferences—Garnishment.*

1. A common-law assignment with preferences made in New York by a debtor living there to a Michigan assignee, and valid in New York, is not made invalid for Michigan by How. Stat. § 8739 which forbids preferences, but which applies only to assignments made in Michigan and has no extra-territorial force.

2. The legality of a common-law assignment with preferences can be attacked only by the assignor's creditors; debtors, therefore, who have been garnished, cannot plead its illegality in abatement of an action brought against them by the assignee for the amount of their debt.

3. Where debtors of an insolvent have been sued by their creditor's assignee after being garnished, they should ask leave to file a supplemental disclosure setting up the alleged assignment. And they should

notify the plaintiffs in the garnishment proceeding to defend the suit brought by the assignee. They will be bound by the judgment in the suit so defended.

Error to the Superior Court of Detroit. (Chipman, J.) April 24.—May 14.

Assumpsit. Plaintiff brings error. Reversed.

*Griffin & Warner* for appellant. When an assignment for the benefit of creditors is legal in the state where it is made, it cannot be impeached elsewhere for non-conformity to law : *Bentley v. Whittemore* 19 N. J. Eq. 462 ; *Moore v. Bonnell* 2 Vroom. 90 ; *Burlock v. Taylor* 16 Pick. 335 ; *Sanderson v. Bradford* 10 N. H. 265 ; *Daniels v. Willard* 16 Pick. 36 ; *Chaffee v. Fourth National Bank* 71 Me. 523 ; *Ockerman v. Cross* 54 N. Y. 29 ; *Bholen v. Cleveland* 5 Mason 174 ; *U. S. v. Bank of U. S.* 8 Rob. (La.) 262, 341 ; *Forbes v. Scannell* 13 Cal. 242 ; *Thurston v. Rosenfield* 42 Mo. 474, 482 ; *Einer v. Beste* 32 Mo. 240 ; *Fuller v. Steiglitz* 27 Ohio St. 355 ; *Sortwell v. Jewett* 9 Ohio 180 ; *Hanford v. Paine* 32 Vt. 442 ; an absolute judgment dismissing or quashing a declaration is wrongful where the disability to sue is only temporary : Chitty on Pleadings 483 ; *Bradley v. Glynne* 1 Lutw. 19 ; Tidd's Pr. (9th ed.) 642 ; *Winthrop v. Carlton* 8 Mass. 456 ; *Carrol v. M'Donogh* 10 Mart. La. (O. S.) 609 ; *Kellogg v. Waite* 99 Mass. 502 ; *Crawford v. Clute* 7 Ala.157; *Crawford v. Slade* 9 Ala. 887 ; *Smith v. Blatchford* 2 Ind. 184 ; *McFadden v. O'Donnell* 18 Cal. 160 ; *Pierson v. McCahill* 21 id. 122; *McKeon v. McDermott* 22 id. 667 ; *Hicks v. Gleason* 20 Vt. 139 ; *Morton v. Webb* 7 Vt. 123 ; *Spicer v. Spicer* 23 id. 678 ; *Jones v. Wood* 30 id. 268.

*Conely, Maybury & Lucking* for appellees. The legal fiction that the situs of debts follows the creditor, and therefore an assignment valid where the debtor is will also be valid where the creditor is, does not prevail where the statutes of the debtor's state provide for the attachment of the goods or the garnishment of the debt : Wharton on Conflict of Laws (1st ed.) § 717 ; *Green v. Van Buskirk* 7 Wall. 150 ; *Paine v. Lester* 44 Conn. 196 ; *Dunlap v. Rogers* 47 N. H. 281 ; *Hibernia Bank v. Lacombe* 84 N. Y. 384–5 ; *Rhaum v. Pearce* 18 Cent. L. J. 491 ; an assignment made under the statutes of another state has no extra-territorial force, and if enforced at all, it will be only by way of comity, and it will not be at all as against a creditor who has a lien under our

laws: *Guillaudet v. Howell* 35 N. Y. 651; 6 Am. L. Reg. (N. S.) 522; and an assignment made with preferences will not be recognized in a state where preferences are forbidden: *Stricker v. Tinkham* 35 Ga. 177; *Zipcey v. Thompson* 1 Gray 245.

CHAMPLIN, J. This suit was brought by the plaintiff to recover from defendants a balance of account which defendants owed to Bultman, Tompkins & Co., of New York, which had been assigned to plaintiff. On April 26, 1884, the defendants, who reside at Detroit, Michigan, owed to Bultman, Tompkins & Co., citizens of New York, an indebtedness of about $420. On this day Bultman, Tompkins & Co. made a general assignment for their creditors, a copy of which is given in the record, and appears to be an ordinary common-law assignment of all their property, with preferences to certain of their creditors. This assignment was voluntarily made by Bultman, Tompkins & Co., in the individual names of the members of the firm at New York, to the plaintiff in this suit, who accepted the trust and entered upon the execution thereof. Minor & Richards were unsecured and unpreferred creditors of the assignors, and were citizens of Illinois, and on July 12, 1884, commenced suit in the circuit court for the county of Wayne against Bultman, Tompkins & Co., and at the same time garnished the defendants herein. No service was had upon the defendants in the original suit in the State of Michigan, but service was made in New York, under the authority of How. Stat. § 8087. The writ of garnishment served upon defendants was returnable on the 29th day of July, A. D. 1884, and on the 26th day of July they filed their disclosure, in which they admitted that at the time of the service of the writ upon them they were indebted to said Bultman and Tompkins in the sum of $420, and that they had no property or effects in their possession, or under their control, belonging to the said Bultman and Tompkins, who composed the firm of Bultman, Tompkins & Co.

This suit was commenced on the 31st of July, 1884, by declaration, in the Superior Court of the city of Detroit.

The defendants did not appear generally and plead the general issue, but interposed a plea in abatement, duly verified, in which they admit that they were indebted to Bultman and Tompkins before the general assignment made to plaintiff; but they recite and state the facts respecting the commencement of suit by Minor & Richards against Bultman and Tompkins in the circuit court for the county of Wayne; the fact that both plaintiffs and defendants in that suit are nonresidents of the State of Michigan, the issue and service of a writ of garnishment upon them, and the statutory service upon the principal defendants in the state of New York; that no judgment had yet been rendered in the original suit; that the garnishee proceedings were still pending against them; that the Wayne circuit court had jurisdiction over them, said defendants, and of the action, and of the right to subject them to the claim of Minor & Richards in said cause; and that all and every of the causes and rights of action contained in plaintiff's declaration are the same identical causes and rights of action on account of and by reason of which the defendants are sought to be adjudged liable as garnishees, and are the very point and subject of controversy in said suit; concluding with a verification and prayer for judgment quashing the declaration.

The plaintiff filed a replication, and the judge of the Superior Court has made a written finding of facts, substantially as set forth in the plea of abatement. He also found that the plaintiff, Butler, was the assignee of Bultman and Tompkins of the said claim against the defendant Wendell, under a general assignment for the benefit of creditors, made and dated the 26th day of April, A. D. 1884, by said Bultman and Tompkins to him under the statutes of the state of New York in such cases made and provided; a true copy of which was attached to and made a part of defendants' plea in abatement. Thereupon he gave judgment for defendants that the declaration be quashed, and for costs. Plaintiff brings error.

The only question is whether the plea in abatement, which was found to be true by the court, should abate the plaintiff's

action.    How. Stat. § 8085 reads as follows: "If any person shall claim any property as aforesaid, in the hands of any garnishee, by assignment from the principal defendant, or otherwise, the court may permit or cause him to appear and maintain his right in such mode as the court shall direct." It will be observed that the assignment of this debt occurred on April 26, 1884, which was prior in time to the commencement of the garnishee proceedings.    There can be no doubt that, as between Bultman and Tompkins and George A. Butler, the legal title of the indebtedness from defendants to Bultman and Tompkins passed to their assignee; and if this be so, it would seem that there could be no objection to the right of the assignee to enforce the demand against the defendants.    But it is claimed by the defendants that inasmuch as the instrument under which the title passed was a general assignment for the benefit of creditors under the statutes of the state of New York, it would not be enforced in this State as being valid or effectual to carry the debt to Butler as against the attachment of the debt made by Minor and Richards.    The defendants assume that because the finding of facts states that the assignment in question was made "under the statutes of New York in such case made and provided," such statutes must be a system of insolvent laws in that state, and contain provisions of a local nature regulating and restricting the rights of the assignee, and prescribing his duties in the discharge of his trust.    And they claim, therefore, that the assignment has no extra-territorial force, and if enforced at all, will be so only as a matter of comity; and that it will not be enforced at all as against a creditor getting a lien under our laws.

The assignment is set out in full in the plea of abatement, but there is no allegation in the plea that the law under which the assignment was made was an insolvent law of that state, or that it contained any restrictions or limitations upon the common law as to assignments for the benefit of creditors.    If the statute of the state of New York did not in any manner change the common law relative to assignments for the benefit of creditors, nor the manner of enforcing them,

but was simply in affirmance of the common law upon that subject, the mere fact that such assignment was made under the laws of the state affords no reason for confining the enforcement of the assignment to the territorial jurisdiction of such state. There is nothing in the record before us to show why such assignment should not be enforced here. Upon the face of the instrument it appears to be an ordinary common-law assignment for the benefit of creditors, with preferences, and does not appear to be executed under or in pursuance of any statute. Being valid in the state where made, it must be considered valid here, unless opposed to some positive enactment or the policy of the laws of this State. It is claimed that it is opposed to How. Stat. § 8739, which declares that all assignments commonly called common-law assignments for the benefit of creditors, shall be void unless the same shall be without preferences as between such creditors, and unless the instrument, or a copy thereof, an inventory of the assigned property, a list of the creditors of the assignor, and a bond for the faithful performance of the trust by the assignee, shall be filed in the office of the clerk of the circuit court of the county where the assignor resides; or, if neither the assignor nor assignee are residents of this State, then of the county where the assigned property is principally located. This section of the law has no extra-territorial force. It was intended to affect such assignments as are made in this State, and was not intended to affect assignments made in other states by the citizens thereof.

Assignments with preferences for the benefit of creditors are valid instruments at the common law, and, if made in this State, can only be challenged at the instance of creditors of the assignor. The defendants do not stand in that relation to the assignors, Bultman and Tompkins, and are not, therefore, in a position to attack the legality of the assignment because of the fact that it gives preferences. This point was recently passed upon by the supreme court of Massachusetts in the case of *Train v. Kendall* 137 Mass. 366. That case in its facts is quite similar to this, and we think was decided upon correct principles, and is an authority for the

views herein expressed. The proper course for the defendants to pursue to avoid a double liability is for them to apply to the circuit court for the county of Wayne for leave to file a supplemental disclosure, in which they may set forth that the debt is claimed to be assigned to Butler. They may also give notice to Minor & Richards of the suit against them by the assignee of the debt, and call upon them to defend the action ; in which case they will be bound by the judgment, should one be rendered against the garnishees. It follows from what we have said that the judgment below must be

Reversed, and the defendants are at liberty to plead issuably within thirty days.

The other Justices concurred.