### GIBBS *v.* MONTCALM CIRCUIT JUDGE.

ASSIGNMENTS FOR BENEFIT OF CREDITORS—RIGHT OF ASSIGNEE TO SUE—OBJECTIONS OF DEBTOR.

The maker of a note assigned, with other assets of the payee, for the benefit of the latter's creditors, cannot raise the question that the assignee, in view of 3 Comp. Laws 1897, § 9541, providing that "assigned property and assets * * * shall be sold at public auction or at private sale, as the court * * * may direct," has no authority to sue on the note; the creditors, for whose benefit the statute is designed, alone being competent to raise such objection.

*Mandamus* by Lucius H. Gibbs to compel Frank D. M. Davis, circuit judge of Montcalm county, to vacate an order dismissing an action at law. Submitted March 27, 1900. Writ granted April 3, 1900.

The relator is the assignee of William G. Wisner, who made to him a common-law assignment for the benefit of creditors. Among the assets was a note for $100, made by P. M. Lathrop, and payment guaranteed by Mr. Van Ness, the defendant. Relator brought suit upon this note in justice's court, and recovered a judgment. Van Ness appealed to the circuit court. The plea was the general issue. An amendment to the declaration was allowed. After two continuances, the case was tried, and the jury disagreed. The case came on again for trial. A jury was impaneled, sworn, and the taking of testimony commenced, whereupon the defendant raised the question that relator had no right to prosecute this suit under 3 Comp. Laws 1897, § 9541. The court sustained the objection, and refused to proceed with the case. The object of this petition is to obtain the writ of *mandamus* to compel the circuit judge to proceed with the trial.

*A. A. Ellis* and *F. A. Miller*, for relator.

*N. O. Griswold*, for respondent.

PER CURIAM. The statute referred to (3 Comp. Laws 1897, § 9541) provides that "the assigned property and assets * * * shall be sold at public auction or at private sale, as the circuit court in chancery or the circuit judge at chambers * * * may direct," and further provides the time within which this shall be done. The object of the statute is to provide for a speedy sale of assigned assets, and for distribution among creditors. It is designed for the benefit of creditors, and not for the debtors of the assignor. Defendant was not in position to raise the question. It is no concern of his whether the relator or his vendee brings suit. His obligation to pay is the same in either event. As long as the creditors raise no objection to the conduct of the assignee, Mr. Van Ness cannot. *Butler* v. *Wendell*, 57 Mich. 62 (23 N. W. 460, 58 Am. Rep. 329); *Munro* v. *Meech*, 94 Mich. 600 (54 N. W. 290).

The writ will issue.