OF THE

## STATE OF IOWA

AT

## DES MOINES, SEPTEMBER TERM, 1912.

AND IN THE SIXTY-SIXTH YEAR OF THE STATE.

---

HARRY I. STELTZER v. CHICAGO, MILWAUKEE & ST. PAUL
RAILWAY COMPANY, Appellant.

**Contracts:** ASSIGNMENT OF WAGES: VALIDITY. A contract by which
an employee, for the purpose of obtaining credit, gives the mas-
ter authority to deduct from his wages an amount sufficient to
pay his living expenses is not void as a unilateral contract, or
as a mere license or privilege without consideration; since thereby
the employee was enabled to procure credit and thus secure his
employment.

**Same:** RIGHTS OF ASSIGNEE. The assignee of the wages of a rail-
way employee acquires no greater right thereto than the assignor
had at the time of the assignment.

**Garnishment:** SERVICE OF NOTICE. Where the statute of a foreign
state provided that notice of garnishment in justice court should be

served in such manner as the justice directed, and he ordered service of notice by mail on the claimant of the fund, service had in that manner was sufficient.

Same: FOREIGN JUDGMENTS: CONCLUSIVENESS.  Where ·a debtor has been regularly garnished in a foreign state the claimant of the fund by assignment, who had proper notice of the garnishment but failed to . appear and protect his rights, can not maintain suit against that garnishee for the fund in the courts of this state.

*Appeal from Perry Superior Court.*—HON. JOHN SHORT-LEY, Judge.

SATURDAY, FEBRUARY 10, 1912.

SUIT to recover on assignments of wages.   The cause was tried in equity, and both parties appeal.   The defendant will be designated as the appellant.   Affirmed on plaintiff's appeal, and reversed on appeal by defendant.

*J. C. Cook, J. N. Hughes,* and *C. R. Sutherland* for appellant.

*H. S. Dugan, G. J. Dugan,* and *W. W. Cardell* for appellee.

SHERWIN, J.—The plaintiff sued on assignments of wages to be earned in the future · by men in the employ of the defendant railway company; the assignments having been made to the plaintiff to secure indebtedness to him. All of the men making these assignments entered into the employ of the railway · company under written contracts, the material part of which is as follows: "In consideration of my being employed by the Chicago, Milwaukee & St. Paul Railway Company, and to enable me to receive credit for board, meals and lodging while I am in its employ, I hereby agree and consent that the said Chicago, Milwaukee & St. Paul Railway Company may deduct and

withhold from my wages any and all sums that may be due or owing from me to any and all persons for board, meals or lodging, and that it may pay the same for me and on my account and deduct the amount so paid or so required from any and all wages due me at any time."

The defendant pleaded that it was necessary, and for many years had been the custom of defendant, to secure credit for its employees engaged in the operation of its trains to enable them to secure meals, meal tickets, board, and lodging while away from home and engaged in the line of their employment; that arrangements were made whereby employees could secure meal tickets, board, and lodging, etc.; and that the contracts set out herein were made with employees, including those making the assignments to the plaintiff. The assignments in question were all made after the contracts with the defendant were entered into by the assignors thereof, and notice of such assignments were left with the defendant's local agent at Perry. Pursuant to its contract with the employees in question, the defendant paid their bills, and deducted the amounts thereof from their wages as long as they continued in its employ. The evidence shows that these employees did not intend that their assignments to the plaintiff should act as a revocation of authority given the defendant in their contracts, because they still relied upon the defendant to secure them board and lodging and requested that deductions from their wages be made therefor. Whether these contracts be designated assignments of so much of the wages of the employees as was necessary to feed and house the employees when away from home in the service of the company, or whether they be termed contracts under which the defendant had the right to pay the debts of the employee, is not of great importance. In either view of the matter, if it was a valid and enforceable agreement that was acted upon by the defendant, the plaintiff has no right superior to that of the defendant.

In our judgment, the contracts were not unilateral, as claimed by the plaintiff; nor was the employees' agreement a mere license or privilege without consideration. It be-

1. CONTRACTS: assignment of wages: validity.

came effective when the employee entered the service of the defendant, and under its terms the company secured the services of the employee, and the employee secured the credit that was necessary to provide himself with the necessaries of life, during a period when nothing was due him from the company. It is a matter of common observation that a certain class of railway employees must be taken care of in this very manner, otherwise they would be unable to engage in such employment, and that railway companies require such arrangement for the purpose of securing and keeping employees, and thus protecting itself.

That the plaintiff had no greater right by reason of the assignment that his assignor had at the time of such assignment is well settled. *Metcalf v. Kincaid*, 87 Iowa,

2. SAME: rights of assignee.

443; *Brewing Co. v. Hansen*, 104 Iowa, 307. The trial court was in error in holding the plaintiff entitled to recover. It is claimed by the appellant that the notices of the assignments to the plaintiff were insufficient to charge it, because they were simply handed to its local agent. We do not determine this matter, because of our conclusion on the merits.

Some time before this suit was brought, the defendant was garnished in Illinois as the supposed debtor of one of the plaintiff's assignors. It answered that it had in its

3. GARNISHMENT: service of notice.

hands unpaid wages due the defendant in the attachment proceeding, but alleged the assignment thereof to the plaintiff herein. Thereupon the case was continued, and the court ordered service on this plaintiff, as provided by Hurd's Statutes of Illinois of 1909, chapter 79, sections 92 and 93, which provide as follows:

If it appears that any goods, chattels, choses in action, credits and effects in the hands of a garnishee are claimed by any other person, by force of an assignment from the defendant or otherwise, the justice of the peace shall permit such claimant to appear and maintain his right. If he does not voluntarily appear, notice for that purpose shall be issued and served on him in such a manner as the justice shall direct.

If such claimant appears, he may be admitted as a party to the action, so far as respects his title to the property in question, and may allege and prove any facts necessary to establish his claim to such property; and such allegations shall be tried and determined in the manner hereinbefore provided. If such persons shall fail to appear after having been served with notice in the manner directed, he shall be concluded by the judgment in regard to his claim.

There is sufficient proof that this plaintiff received notice of these proceedings in the Illinois court in ample time to have appeared and protected his interest, if he so desired. He paid no attention to the matter, however, and judgment was rendered against the defendant and paid.

The Illinois statute provides that notice shall be "issued and served" in "such manner as the justice shall direct." The justice ordered that notice be served on this plaintiff by mail, and this was done. This was sufficient under the statute.

The court in Illinois had jurisdiction in the matter, and its judgment should be recognized, and

4. SAME: foreign judgements: conclusiveness.

the defendant as garnishee be protected by the courts of this state. *Harris v. Balk,* 198 U. S. 215 (25 Sup. Ct. 625, 49 L. Ed. 1023). On plaintiff's appeal the judgment should be affirmed.

*Affirmed* on plaintiff's appeal, and *reversed* on the defendant's appeal.