LADD, C. J., and DEEMER, EVANS, PRESTON, WEAVER, and GAYNOR, JJ., concur.

---

G. W. VAN LANINGHAM, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

Assignment of wages: PRIORITY. A railway company may require of an employee, as a condition precedent to his employment, that he shall provide himself with a watch of the standard fixed by its chief inspector; and it may provide for an assignment of his wages to be earned in the future with which to pay for the same, if necessary, and such assignment will be valid although not signed by his wife: so that an accepted assignment of that character, though not signed by the wife, will take precedence over subsequent assignments, acknowledged by both the employee and his wife.

*Appeal from Dallas District Court.*—Hon. W. H. Fahey, Judge.

Wednesday, February 18, 1914.

Appeal by defendant from a judgment holding it liable as garnishee upon an assignment of wages of an employee. —*Reversed.*

*H. G. Giddings,* and *Cook, Hughes & Sutherland,* for appellant.

*William H. Winegar,* for appellee.

Withrow, J.—On June 15, 1912, one A. A. Smith, a married man, entered the employ of the Chicago, Milwaukee & St. Paul Railway Company as brakeman, the contract of employment being in writing. At the time of his employment he was informed by the employing officer of the railway company of a rule requiring that employees should have and carry a watch of the standard fixed by the chief inspector. It is also shown to be a rule and practice of the company that when an employee has not a standard watch, and is compelled to buy one, and is without means with which to make the purchase, that the company protects the seller, and from the wages earned by the employee, upon notice of such sale and assignment of wages to meet the purchase, pays the obligation thus incurred; and this practice is based upon an agreement between the railway company and the seller that such will be done. July 30th, following his employment, in the purchase of a standard watch by the employee Smith, he executed and delivered to A. M. Church, from whom it was bought, an assignment of his wages in the total amount of $47, payable in installments, the first, for $11, being payable August 25th, and three other installments of $12 each being payable monthly, on the 25th day of the following months.

This order was filed in the office of the superintendent of the railway company at Marion, Iowa, August 1, 1912. On the 5th day of August Smith executed an order for board in the sum of $5.50, and on August 16th another one for like amount and for the same purposes. The board orders and watch order were presented to and accepted by the railway company before the presentation to it of the assignments upon which the garnishment proceedings in this case were based. On July 15th, Smith, with his wife, assigned to Van Laningham, appellee herein, "all our wages earned and to be earned, due and to become due to us or either of us from the C., M. & St. P. Ry., for the term of three years." The assignment recited that it was for a valuable consideration, and as security for any additional loans made by him to the assignors or either of them, during three years. The assignors represented that there were no watch orders or other claims or liens against said wages. This assignment was duly acknowledged, and a copy of it was filed with one of the clerks of the agent at the Milwaukee depot on August 19th. At the time of the assignment Smith was indebted to Van Laningham on two notes amounting to $14.30. It appears in the record that at the time of the trial Smith was no longer in the employ of the railway company, and that the watch had not been returned. Smith having failed to pay the indebtedness, and the railway company having refused to honor the assignment to Van Laningham, the latter commenced suit in justice court by way of garnishment. Upon the trial it appeared without contradiction that the only indebtedness from the railway company to Smith was the sum of $56.66 earned by the latter during the month of August, 1912. The issues presented in justice court were as we have stated them here. Upon hearing, judgment was rendered against the railway company for the amount of Van Laningham's claim, with costs. The cause was taken by writ of error to the district court, where upon trial the writ was dismissed, the court holding that the judgment entered by the justice of the peace was right, although

in reaching it no allowance had been made for the board orders, which the district court held should have been deducted under the rule of *Steltzer v. C., M., & St. P. Ry.*, 156 Iowa, 1. But after deducting such amounts, there yet remaining in the hands of the defendant railway company an amount sufficient to meet the assignment, the district court held that the judgment was warranted, and dismissed the writ of error, holding the board orders, but not the watch order, to be proper offsets. From this ruling and judgment the railway company appeals.

II. Of the questions raised by this appeal we consider first that which relates to the effect of the watch order as an assignment. It is the claim of the appellee that it was an assignment of his wages by Smith, and that such was of no validity because not signed and acknowledged by his wife as required by section 3047, Code Supplement. Upon the trial it was conceded that at the time of the employment of Smith he was instructed to procure a standard watch, such as was required by the rules of the company, and that he might execute a watch order to a watch inspector of the company in payment for such.

In *Steltzer v. C., M. & St. P. Ry., supra,* a case where the effect of board orders was considered, although it does not appear that the employee was married, this court passed as not necessary to be then determined the question whether such orders or contract should be designated as assignments, or as contracts under which the defendant had the right to pay the debts of the employee. We go directly to the question stated. It is not an unreasonable rule that a railway company may require of its employees those things which tend to the safety of its property and of its passengers. It may require as a condition of the employment that its servant shall provide himself with that which is an aid in securing such safety; and it may obligate itself and be bound by such obligation to pay for that which is furnished to the employee for such purpose, securing itself in proper way for the indebtedness thus

incurred, when the legal title to that which is thus secured by the employee is in him.

The object of the statute relied upon by the appellee is to protect the wife of the employee against dissipation of his wages for purposes other than first for family support. But the right of the employee Smith, to earn wages as a servant of the railway company, in the first instance depended upon his agreement to comply with its rules, among which was that as to furnishing himself with a watch. The promise and obligation to procure the watch was a part of the consideration of his employment, and, having assigned his wages to meet the indebtedness incurred in furnishing that consideration, other unaccepted claims against the pledged fund, even though based upon an assignment under the statute, had not the right to priority against it. The compliance with such rule may well be considered and treated as that which entered into the equipment of the company in the discharge of its service to the public, and we are of opinion that an order against wages to meet that particular purchase or indebtedness, accepted in payment of it by the employer so inhered in the contract of employment as to be a part of it; and to the extent that his earnings may be needed to meet it the exemption right cannot be claimed by the wife or by those claiming under assignment by her and her husband. The question is not unlike in principle to that arising under a claim for a purchase-money lien.

III.   The record shows without dispute that as between the claims of the appellee based upon the assignment of husband and wife, and the accepted watch order, the latter was prior in point of time; and as we hold the signature and acknowledgment of the wife was not necessary to give validity to the watch order, it must be held to have precedence over the assignment of the appellee. The right of Smith to his wages had been reduced to that extent, and his assignee, the appellee took no greater rights than he had. *Metcalf v. Kincaid,* 87 Iowa, 443; *Brewing Co. v. Hansen,* 104 Iowa, 307.

IV. No appeal was taken by the plaintiff from that part of the ruling and judgment which admitted the board orders as proper set-offs, and such will be accepted as the law of the case.

V. It is unnecessary to determine the question as to whether filing appellee's claim with a clerk in the depot was a sufficient notice of it, for the reason that the conclusion reached in the second division of this opinion is decisive of the case on its merits. The judgment of the trial court is *Reversed*.

Ladd, C. J., and Deemer and Gaynor, JJ., concur.