CITIZENS' BANK OF RUDYARD *v.* CHIPPEWA CIRCUIT JUDGE.

1. Conflict of Laws—Private International Law—Jurisdiction —Action Pending.

   When a foreign railroad company incorporated also in Michigan is sued in both jurisdictions, the forum which first acquires jurisdiction is entitled to proceed with the cause.

2. Garnishment—Lien—Precedence.

   By service of the writ of garnishment, the foreign court obtained a first specific lien upon the debt, the situs of which became fixed.

3. Same—Claimant—Intervening Party.

   Where a railroad company was garnished in a foreign State, and a third party claimant was cited in as authorized by statute, it became a party to the proceeding to the same extent and with equal responsibilities as its assignor, the principal defendant.

4. Same—Abatement.

   The existence of a pre-existing action in such foreign jurisdiction being duly presented to the court, it properly held the action in abeyance pending a disposition of the first cause.

Mandamus by the Citizens' Bank of Rudyard against Louis H. Fead, circuit judge for the county of Chippewa, to vacate a stay of proceedings in an action in which the Minneapolis, St. Paul & Sault Ste. Marie Railway Company was defendant. Submitted April 27, 1915. (Calendar No. 26,609.) Writ denied June 7, 1915.

*Albert E. Sharpe* and *M. M. Larmonth,* for relator.

*Warner & Sullivan,* for respondent.

In this proceeding we are asked for a mandamus to require the respondent to set aside an order in a suit now pending in the circuit court for the county of Chippewa, in which the petitioner is the plaintiff, and the Minneapolis, St. Paul & Sault Ste. Marie Railway Company is defendant. The action is in assumpsit, and the defendant pleaded in abatement certain foreign garnishment proceedings, the facts concerning which are admitted, and are stated in the opinion of the lower court as follows:

"(1) The defendant is a railroad corporation, incorporated in the States of Michigan, Minnesota, Wisconsin, and North Dakota, having lines of railroad and doing business in the States of Michigan and Minnesota, with its principal office or headquarters at Minneapolis, Minn.

"(2) On September 29, 1913, defendant offered to purchase certain railroad ties from one C. F. Sheldon, a resident of Michigan, which offer was acted upon by Mr. Sheldon, who completed the delivery of such ties on or about October 31, 1913. The ties were delivered in Michigan for the use of defendant on that part of its road situated in this State. The agreed price of the ties delivered was $1,064.50.

"(3) Before the delivery the plaintiff herein, a resident of Michigan, received from Sheldon an assignment of his account against the defendant in the form following:

"'RUDYARD, MICHIGAN, Oct. 14, 1913.

"'E. T. STONE, Purchasing Agent,

"'Soo Road,

"'Minneapolis, Minn.

"'Please pay to Citizens' Bank of Rudyard, Michigan, any money now due or to become due for ties shipped on your offer to me of September 29, 1913.

[Signed] "'C. F. SHELDON.'

"(4) On October 16, 1913, plaintiff mailed said order to defendant at Minneapolis, where it was received by the latter on or about October 18th. Accompanying the order was a letter written by plaintiff as follows:

"'RUDYARD, MICH., Oct. 16, 1913.

"'E. T. STONE,

"'Minneapolis.

"'Dear Sir:

"'Inclosed find order given by Mr. Sheldon. As I understand it, he expects to load ties here and that you are to forward payments of same to us.

"'W. M. BATDORFF, Cashier.'

"(5) On November 7, 1913, garnishment process was served on defendant in the State of Minnesota, in a suit in the district court of the eleventh judicial district of Minnesota, in the county of St. Louis, between the McGillis & Gibbs Company, a corporation, as plaintiff, and said C. F. Sheldon, as defendant. A transcript of the proceedings was offered in evidence.

"These garnishment proceedings purport to be based upon a judgment rendered in the municipal court for the city of Duluth in a suit between the McGillis & Gibbs Company and Sheldon, on December 30, 1910. A transcript of the judgment was filed in said district court on January 4, 1911. The proceedings in the municipal court are not set up, nor does it appear whether service, or what kind, was had upon Sheldon. In the affidavit for transcript, made on January 3, 1911, Sheldon is said to be a resident of St. Louis county. In the garnishment proceedings, on November 11, 1913, he is said to be, and is proceeded against as, a nonresident of Michigan.

"The disclosure of the garnishee is not set up in the

transcript. However, on December 26, 1913, some proceedings were apparently had for the purpose of bringing in the plaintiff herein as claimant to the debt, but they were apparently abandoned.

"On May 19, 1914, a new order, requiring plaintiff to appear within 20 days after service of the order on him and prove its claim or be barred was made and personally served on the plaintiff in this county of Chippewa on June 6, 1914. This order appears to have been made by the court, and is attested by the clerk of the court through his deputy. On July 2, 1914, counsel for plaintiff in such suit gave notice to defendant garnishee that on July 11, 1914, it would move the court to bar plaintiff's claim and for judgment against the garnishee. Whether such action was taken does not appear. Notice of the pendency of the suit at bar seems to have been given in such garnishee suit on July 18, 1914.

"The examining officer is the clerk of the district court. By what authority he became examining officer does not appear.

"This transcript was admitted tentatively over the objection of plaintiff's counsel that it was not a complete transcript of the proceedings; that the judgment upon which the garnishment proceedings are based was rendered in a municipal court, and no copy of the complaint therein appears in the transcript; and that there is no proof of any service, either personal or substituted; and also, generally, that it would constitute no defense to plaintiff's action.

"(6) On April 1, 1914, suit was begun in the district court of the fourth judicial district of Minnesota, in the county of Hennepin, by Page & Hill Company, a Minnesota corporation, as plaintiff, against said C. F. Sheldon, as defendant. On April 25th an affidavit of his nonresidence was made, and he was proceeded against as a resident of Sault Ste. Marie, Mich. A copy of summons was mailed to him on July 24, 1914, and publication begun July 29th.

"Garnishee process was served on defendant, April 4th. One D. E. Bridgman was appointed examining officer by the judge of said court. On April 25th the garnishee defendant made its disclosure, setting up that:

186 Mich.—32.

" 'On April 4, A. D. 1914, the time of the service of garnishee summons herein on said garnishee, there was due and owing the defendant above named from said garnishee the sum of $1,064.50, as payment for ties delivered to the Soo Line at Rudyard, Mich., subject to a purported assignment to the Citizens' Bank of Rudyard, Mich., of all money due the said C. F. Sheldon from the said Soo Line Railway Company, of which the following is a true copy: [Here follows a copy of the order as above set forth]; that said purported assignment was forwarded with the following letter [letter as above set forth]. Said sum being further subject to a prior garnishment [setting up the St. Louis county proceedings].'

"On July 13th the examining officer made an order that plaintiff 'be notified to appear in this proceeding or be barred of its claim, and that said notice be served on such bank by three weeks' published notice thereof in a newspaper published in Hennepin county, Minn., and by mailing a copy of such notice to said bank before the first publication thereof, addressed to its place of business at Rudyard, Mich.'

"On July 13th the attorney for Page & Hill Company mailed a notice of the order made by the examining officer to plaintiff, and publication was had beginning July 29th, and ending August 12th. Twenty days after service was allowed plaintiff to appear. The transcript of these proceedings was offered and received in evidence under the objection of plaintiff's counsel that it is inadmissible and irrelevant, 'because, even if it is true, it would constitute no defense to plaintiff's action.' No other objection was made, and it has been assumed by counsel for both parties that these proceedings are regular and in accordance with the laws of the State of Minnesota.

"(7) Plaintiff herein has not entered its appearance in said garnishment suits nor in any way acknowledged or submitted to the jurisdiction of the Minnesota courts.

"(8) The suit at bar was begun by summons issued June 16, 1914, and served on defendant June 17, 1914. Defendant appeared July 1st, and on September 24th filed a plea in abatement, setting up the garnishment proceedings in Minnesota, herein referred to, in abatement of the suit.

"(9) Plaintiff's action is brought as assignee of said Sheldon, and no other claim or debt is in controversy than the one hereinbefore stated. While the defendant does not expressly admit the good faith of the assignment, it does not question it in any way."

KUHN, J. (*after stating the facts*). The only question in the proceeding before us is whether the circuit court for Chippewa county acted properly in making the order to hold further proceedings in the suit there pending in abeyance during the pendency of the garnishment proceedings in the Hennepin county district court of Minnesota.

It appearing that the defendant had a permanent location both in the State of Michigan and in the State of Minnesota, it would seem that this would result in giving a sort of double situs to the debt. But it conclusively appears that the suit in the Minnesota court antedated the suit in this State; and therefore there cannot be any question that the Minnesota court thereby acquired jurisdiction.

By the garnishment service the Minnesota court also acquired a specific lien upon the debt, and its situs thus became fixed.

The relator being a claimant of the fund attached in the hands of the defendant railway company, as shown by its disclosure filed in the Minnesota court, and being notified in conformity with the statutes of Minnesota that its right to the fund was questioned, it became a party to the proceedings, in our opinion, to the same extent and with the same duty and responsibilities as Sheldon, its assignor and the principal defendant in the Minnesota suit. See *Bragg* v. *Gaynor*, 85 Wis. 468 (55 N. W. 919, 21 L. R. A. 161).

These foreign proceedings antedating the proceedings in this State, and having been properly called to

the attention of the trial court in this State, and it being conceded that they are regular, in our opinion, the court acted properly in holding the present suit in abeyance, and thus preventing a collision in the jurisdiction of the courts of two sovereign States. *Harvey* v. *Railway Co.*, 50 Minn. 405 (52 N. W. 905, 17 L. R. A. 84).

The case of *Butler* v. *Wendell*, 57 Mich. 62 (23 N. W. 460, 58 Am. Rep. 329), is an authority cited and relied upon by relator, but we think that the case is readily distinguishable from the situation now before us. In that case there was no disclosure of an assignment which was made for the benefit of creditors, and both suits were in the courts of this State, subject to final disposition in the Supreme Court of this State, and therefore no question of conflict of jurisdiction or comity between States could arise.

In a recent case in Iowa, *Steltzer* v. *Railway Co.*, 156 Iowa, 1 (134 N. W. 573), a question quite similar to the one here involved was determined by the supreme court of that State. An employee of the railroad company, working for it in Iowa, assigned his wages to the plaintiff. After the assignment, suit was started in Illinois against the employee, and the defendant was garnished in that State. The defendant disclosed the amount due, and set up the assignment to the plaintiff in its disclosure, and the plaintiff was notified of the proceedings in time to give him an opportunity to appear and defend; but he failed to appear or pay any attention to the proceedings, and judgment was rendered against the defendant for the fund. Subsequently, the plaintiff began suit in Iowa for the claim, being the assignee of the employee of the defendant. The court held:

"The court of Illinois had jurisdiction in the matter, and its judgment should be recognized, and the defendant as garnishee be protected by the courts of

this State. *Harris* v. *Balk,* 198 U. S. 215 [25 Sup. Ct. 625, 3 Am. & Eng. Ann. Cas. 1084]."

We conclude that the writ of mandamus should be denied, with costs to the respondent.

BROOKE, C. J., and MCALVAY, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.