NEWMAN, TRUSTEE, v. THE COVENANT MUT. BEN. ASSO.

1. **Life Insurance**: ASSESSMENT PLAN: REMEDY ON CERTIFICATE. Upon a certificate of membership in a mutual benefit association, entitling the beneficiary to the net proceeds of an assessment upon all its members, where it cannot be known how many will pay, and what the association will realize therefrom, *held* that nothing more than nominal damages can be recovered in an action at law against the association for the amount named in the certificate, even though the company refuse to make an assessment on the ground that the certificate has been forfeited. (*Bailey v. Mut. Ben. Asso.*, 71 Iowa, 689, and *Rainsbarger v. Union Mut. Aid. Asso., ante*, 191, followed.)

2. **Practice**: KIND OF PROCEEDINGS: WAIVER. Where plaintiff's substantial remedy, if he had any, was in equity, but nothing was sought by either party that would give a court of equity jurisdiction, *held* that defendant was not precluded, by the fact that he did not move for a transfer of the cause to the equity docket, from insisting that plaintiff could only recover nominal damages at law.

*Appeal from Linn District Court.*

TUESDAY, JUNE 28.

THIS is an action at law, wherein the plaintiff, as trustee of the beneficiary named in a certain certificate of membership issued to one Hewitt in the defendant association, seeks to recover a judgment of $5,000 upon the certificate. There

Newman, Trustee, v. The Covenant Mutual Benefit Association.

was a trial to a jury, and judgment and verdict were rendered for the plaintiff for the amount claimed. The defendant appeals.

*Blake & Hormel* and *McKenzie & Calkins*, for appellant.

*Henry Rickel* and *Smith & Powell*, for appellee.

ADAMS, CH. J.—The defendant refused to make an assessment, the refusal being based upon the ground, as alleged, that the certificate had become forfeited by a violation of its provisions by the person to whom it had been issued. The jury found against the defendant upon the alleged forfeiture. The defendant, however, insists that in no event can it be made liable in an action at law for more than nominal damages, in the absence of an assessment, and that the plaintiff's remedy, if he has any, is by a proceeding to compel an assessment to be made in accordance with the terms of the certificate.

1. LIFE insurance: assessment plan: remedy on certificate.

By its terms it is provided that the person to whom it is issued shall pay certain mortuary assessments, never to exceed one dollar, upon the death of each member, and in case of his failure to do so the certificate shall be void. It is further provided that in case of the death of Hewitt, the person upon whose life it is issued, " he having in all respects complied with the conditions of the certificate, an assessment shall be levied upon all the members holding certificates in force at the time of the death of said member for the full amount named in their respective certificates,    *    *    *    * and the sum so collected on such assessments (less all amounts which may be added for expense and collections) the association hereby agrees to pay, and cause to be paid, to the devisees of said Hewitt;    *    *    *    but in no case shall the payment under this certificate exceed $5,000." The plaintiff alleged in his petition that the assessment, if levied, would have produced the sum of $5,000, but that the defendant refused to make an assessment, and denied all liability to pay the claim.

The defendant admitted that it refused to make an assessment or pay the claim, and admitted that an assessment under the terms of the certificate would have amounted to $5,000, but denies that it would have resulted in the payment to the association of said sum, or any part thereof. The defendant, as a distinct defense, to which the court below sustained a demurrer, alleged that no assessment had ever been levied, and that no money had ever been received, on said certificate. The same questions were also raised by defendant by instructions asked and refused, and by motion for new trial and in arrest of judgment.

The theory of the plaintiff is that if the certificate has not been forfeited, and the defendant disclaims all liability to pay the claim, and refuses to make the assessment, it thereby becomes liable to pay the maximum sum named in the certificate, provided its membership was large enough to have produced such sum if an assessment had been made, and all the members had paid their assessments. But in our opinion the plaintiff's position cannot be sustained. The extent of the defendant's obligation is fixed by the certificate of membership. The association does not agree to pay any sum from any general fund, nor does it provide any general fund. It merely agrees to levy an assessment, and pay over such sum as may be collected upon it, less expenses, etc. If the company, doubting or denying its liability in a given case, refused to levy an assessment, the contract is not thereby changed, and the company's liability extended. It may be conceded that a wrongful refusal to make an assessment would be a breach of the contract. But we are unable to see how more than nominal damages could be recovered for such breach. No evidence was introduced in this case, and none could have been, showing how many members would have paid their assessment, and how many would have chosen to refuse to make payment, and suffer the only consequence of such refusal, namely, a forfeiture of their membership; nor can either party invoke any presumptions as to how many

would have paid, and how many would have refused payment.

As to the wisdom or propriety of this form of insurance, or the difficulties in the way of realizing the benefit under the certificates issued, the courts have no responsibility. It is for them to enforce the contracts, according to their terms, which the parties have made for themselves.

The questions here presented were virtually disposed of in *Bailey v. Mutual Ben. Asso.*, 71 Iowa, 689, and *Rainsbarger v. Union Mutual Aid Asso.*, ante, 191. See, also, *Smith v. Covenant Mutual Ben. Asso.*, 24 Fed. Rep., 685; *Covenant Mutual Ben. Asso. v. Sears*, 114 Ill., 108; and *Curtis v. Mutual Ben. Life Co.*, 48 Conn., 98.

It is not to be denied that in one or two cases a different rule appears to have been held, but in most of the cases cited by the appellee the point in question is not discussed, or the language of the certificate is materially different.

One point remains to be considered. The appellee claims that, even though the rule be as we have announced, still the appellant waived the right to insist on the same, by failing to move for a change to the proper proceedings, and for a transfer to the proper docket, as provided in sections 2514 and 2519 of the Code. But this position does not seem to us to be a sound one. The action was brought as a law action, and is properly on the law docket, but only nominal damages were recoverable. Nothing was sought by either party which would give a court of equity jurisdiction.

2. PRACTICE; kind of proceedings: waiver.

The judgment of the court below must be

REVERSED.