74 419
97 233
97 241

## GARRETSON v. THE EQUITABLE MUTUAL LIFE AND ENDOWMENT ASSOCIATION.

1. **Appeal**: EVIDENCE TO SUPPORT VERDICT. There being a fair conflict in the evidence upon which the jury found that defendant did not mail a notice of assessment to the assured, this court cannot disturb that finding.

2. ————: ONLY QUESTIONS RAISED BELOW CONSIDERED. In an action at law on a certificate of insurance on the assessment plan, the court's-instructions, which were not excepted to, allowed a verdict not to exceed twenty-five hundred dollars, and a verdict for that amount was returned. No motion in arrest of judgment was made, and no claim presented that the verdict should have been for a merely nominal amount, nor that an action at law would not lie, nor that a judgment at law could not be rendered against the defendant, under the doctrine of *Newman v. Covenant Mut. Ben. Ass'n*, 72 Iowa, 242. *Held* that those claims could not now be urged in this court, and that the verdict could not be disturbed as being excessive.

*Appeal from Black Hawk District Court.*—HON. D. J. LENEHAN, Judge.

FILED, MAY 12, 1888.

THIS is an action upon a certificate of insurance upon the life of one Mary Garretson. There was a trial by jury, and a verdict and judgment for plaintiff. Defendant appeals.

*J. J. Tolerton* and *O. C. Miller*, for appellant.

*Whiting S. Clark*, for appellee.

ROTHROCK, J.—I. The defendant is a mutual life insurance company organized upon the assessment plan.

1. APPEAL: evidence to support verdict. It issues certificates of insurance to its members upon the payment of a membership fee, and upon the agreement to pay assessments to cover losses by the death of its members. The certificate and by-laws of the company provide that, upon failure to pay any assessment at the home office within thirty days after the date of notice of the loss, the certificate shall be forfeited; and the mailing of the notice of assessment at Waterloo, Iowa, was to be regarded as notice of the loss. A certificate of twenty-five hundred dollars was issued to Mary Garretson on the first day of April, 1884, and she died on the twenty-ninth day of August, 1885. The plaintiff is the beneficiary under her certificate, and brought this action

to recover the amount of the certificate. The defendant, by its answer, admitted the issuance of the certificate, but pleaded that the same was forfeited, before the death of Mary Garretson, by a failure to pay an assessment made for a loss, which was duly levied on the fifteenth day of January, 1885; that the assured was duly notified by mail of said loss, on said fifteenth day of January, 1885, and failed to pay the same within thirty days; and that, by reason of such failure, she forfeited her certificate, and the plaintiff is not entitled to recover any amount thereon. The plaintiff, by way of reply, averred that the notice of the death loss, dated January 15, 1885, was not mailed to the insured, but, with two other notices inclosed in an envelope, was mailed to Flora Garretson, the plaintiff, but that it was never received by the insured, nor by the plaintiff, until after the death of Mary Garretson. Other facts were pleaded in the reply, which it was claimed constituted a waiver of the failure to pay the said amount; but, as we view the case, they are not material to be considered in determining this appeal. The court submitted to the jury two questions, the answers to which were required to be returned with the general verdict. These questions, with the answers, were as follows: "(1) Did the defendant cause a notice to be mailed to Mamie Garretson, directed to her address, as provided by the conditions on the back of certificate, in January, 1885, notifying her of assessment No. 12? No. (2) Soon after the expiration of thirty days from the mailing of said notice, did the defendant cause a postal-card to be deposited in the post-office at Waterloo, Iowa, directed to the address of Mamie Garretson, Des Moines, Iowa, notifying her that the books of the office show assessment No. 12 to be unpaid? No." There was a controversy upon the trial as to whether the defendant, in addition to the notice of assessment, mailed a postal-card to the insured after the expiration of thirty days from the mailing of the notice. The court instructed the jury upon this point in the case as follows:

"If you find from the evidence that no notice was ever mailed to the insured, Mamie Garretson, of the assessment made January 15, 1885, and that she never received any notice or had any knowledge of the levying of said assessment by the defendant company, then your verdict should be for the plaintiff upon this issue in the case."

The instruction given by the court to the jury was not excepted to by either party. It is therefore apparent that, under the above instruction, and the answers to the questions returned by the jury, all other questions, such as waiver and the like, are out of the case, provided the evidence warranted the jury in answering the questions as they did. The defendant insists that the answers to the questions are unsustained by the evidence. The evidence as to this question is in conflict. It appears that two others of the same family were holders of certificates of insurance issued by the defendant, and we think the jury may fairly have found from the evidence that no notice was mailed to Mary Garretson, but that all three of the notices to the members of the family were mailed to one of the others, and that it was never seen by the insured, and that she had no knowledge of the assessment during her life. We do not deem it necessary to set out the evidence on this point. It is sufficient to say that we are satisfied we ought not to interfere with the verdict as being contrary to the evidence.

Objections were made by defendant to certain evidence of conversations had with the agent of the defendant who induced the insured to become a member of the company. This evidence tended to show a waiver of the conditions providing for a forfeiture. These and other objections to evidence need not be considered ; for, as we have seen, the question of waiver is out of the case. The verdict of the jury is not based upon a waiver of forfeiture, but upon the ground that there was no forfeiture, and we do not think that there is any ground for certain objections made to the evidence introduced by the plaintiff, upon the question of fact

Garretson v. The Equitable Mut. Life & Endowment Ass'n.

as to whether the insured had notice of the assessment, for the failure to pay which the defendant claims a forfeiture.

II. It is insisted that the verdict is excessive, and that it should have been for merely a nominal amount. The verdict is for twenty-five hundred dollars, the full amount of the certificate. The evidence showed that an assessment on members liable to pay at date of August 29, 1885, would have realized $2,588.88 if all members had paid, and that an assessment made at the time of the trial would have made $2,073 if all had paid; and the court instructed the jury, upon that question, as follows: "A statement has been introduced in evidence showing what the amount of one full assessment upon all the members in the association at the time of the death of the insured would be; and the plaintiff would be entitled to interest on the amount you find, if anything, at six per cent. per annum from a time sixty days after notice to the defendant company of the death of the insured; and, if you find for the plaintiff, you will compute the amount she is entitled to, and return your verdict for the amount you find, not exceeding the sum of twenty-five hundred dollars."

2. ——: only questions raised below considered.

As we have said, the instructions of the court were not excepted to, and the motion for a new trial made no claim that the verdict should have been for a merely nominal amount. It is claimed that the verdict was excessive. No motion in arrest of judgment was made, and no claim was at any time presented that an action at law would not lie, nor that no judgment at law could be rendered against the defendant. If counsel are to be understood as making this claim now, it comes too late. No question can be presented here which was not presented to the court below. The rule is so well understood that we need not cite authority in its support. It is proper to say that the cause was tried in the court below before the case of *Newman v. Cov. Mut. Ben. Ass'n*, 72 Iowa, 242, and other cases against assessment insurance companies, were decided by this court. Under

the instructions of the court to the jury, and upon the theory by which the cause was tried in the district court by both parties, the verdict cannot be said to be excessive. We are united in the conclusion that the judgment should be

AFFIRMED.