CENTRAL NATIONAL BANK AND TRUST Co., Appellant, v. LEONARD SIMMER et al., Appellees.

No. 44933.

AUGUST 6, 1940.

Howard L. Bump, for appellant.

Edward L. O'Connor, for appellees.

Alonzo Campbell, trustee in bankruptcy of Earl M. Travis, bankrupt.

HALE, J.—Earl M. Travis, in March 1937, borrowed of plaintiff $2,000, and executed a chattel mortgage on certain office equipment. A new note for $2,475 was executed in Au-

gust 1937, and the old note taken up. The provision in the mortgage was: "To keep * * * said property insured against loss by fire as mortgagee may direct, depositing the policies with mortgagee." April 28, 1937, the insurance policy was issued to Earl M. Travis, covering the property described by the mortgage. Thereafter, on January 1, 1938, Earl M. Travis made an assignment of his property for the benefit of creditors, and Leonard Simmer was appointed assignee, the insurance being assigned, with loss payable, if any, to E. M. Travis, owner and operator, Des Moines Motor Freight Terminal and/or Leonard Simmer, assignee of Des Moines Motor Freight Terminal, with the consent of the insurance company. On February 11, 1938, a fire loss to the insured property occurred, and adjustment of the loss was made, and on March 1, 1938, a check for $514.08 was turned over to Leonard Simmer, assignee, after the payment by him as assignee of $160.97 for unpaid premiums due the insurance company.

On March 24, 1938, E. M. Travis, on his voluntary petition, was adjudged a bankrupt. On application of the plaintiff, as holder of the chattel mortgage, the referee in bankruptcy on April 29, 1938, rejected the personal property as burdensome assets. Demand was made by plaintiff on Simmer for the proceeds of the insurance to apply on its mortgage, which was refused. Suit was begun against Simmer, personally and as assignee, and against Alonzo Campbell, referee in bankruptcy, the latter making no claim to the fund. On trial, at the conclusion of plaintiff's testimony, both parties moved for a directed verdict. The court overruled plaintiff's motion and sustained defendants' motion, and plaintiff appeals.

██ The plaintiff claims that the court erred in not holding Simmer, as assignee, liable to the plaintiff for the proceeds of the fire-insurance policy. His argument is that the assignee for the benefit of creditors has no greater rights in the insurance fund than the assignor had, that as between the mortgagee and the assignee such assignee has no greater right than the mortgagor had, citing International Harv. Co. v. Poduska, 211

Iowa 892, 232 N. W. 67, 71 A. L. R. 973, and other cases. We may assume that this is correct. The question remains: What were the rights of the mortgagee and mortgagor under the chattel mortgage? Plaintiff-mortgagee cites Johnson v. Northern Minn. L. & Inv. Co., 168 Iowa 340, 150 N. W. 596, and First Tr. JSL Bk. v. Duroe, 212 Iowa 795, 237 N. W. 319. The Johnson case was an equity proceeding to foreclose a mortgage which by its acceleration clause was claimed to be due. The mortgage contained a provision that the mortgagor should keep the buildings insured for the benefit of the mortgagee, and the court held that under that provision the policy inured to the benefit of mortgagee as a matter of equitable right, citing authorities. The court in so ruling stated at page 344 of 168 Iowa, 150 N. W. at page 598:

"It seems to be settled that a mere mortgagee has no interest in a policy of insurance issued to a mortgagor upon the mortgaged property, unless such interest be created by some covenant or condition between mortgagor and mortgagee in relation thereto.

"In the absence of such covenant, the contract of insurance is strictly personal between the insurance company and its patron. Ryan v. Adamson, 57 Iowa 30 [10 N. W. 287]."

To the same effect is the holding in First Tr. JSL Bk. v. Duroe, supra, which refers to the rule as well settled that when the mortgagor, under the terms of the mortgage, is bound to keep the premises insured for the benefit of the mortgagee, an equitable lien arises in favor of the mortgagee, citing the Johnson case, supra.

■■ There is left for our consideration the question: Was it agreed between the parties that the property was to be kept insured by the mortgagor for the benefit of the mortgagee? The policy made no reference to the mortgage, and there was no loss payable clause or rider attached with reference to the payment to mortgagee as its interest might appear. E. M. Travis, as a witness for plaintiff, testified that the policy was

never delivered to the bank; that he knew of the insurance clause; that he did not direct the insurance company to put on the mortgage clause; that he thought the agent would put it on, but he was not permitted to testify as to what his intentions were. On cross-examination he testified:

"After the Sutherland Lumber Company had their fire I thought I had insurance on the office and I found out after the fire that I had not, and I advised the bank that I did not have an insurance on the furniture in the office, so I got in touch with Mr. Hammond [the agent] and had him put the fire insurance on it.

"Q. Then you said you advised the bank of that? A. Yes sir, that is right.

"Q. What did the bank tell you about it? A. To put some insurance on it. I went to Mr. Hammond, and got this $700.00 policy."

Another reference to insurance in the mortgage, in addition to what has been heretofore quoted, is a provision that if the mortgagor "fails to insure the same as herein agreed, mortgagee may do so, and all sums so paid by the mortgagee shall be due mortgagee and shall be secured by the lien hereof."

It will be noted that in the mortgage the mortgagor is required to insure as mortgagee may direct, and that the testimony as to the direction given was "to put some insurance on it." By the mortgage the matter of insurance was thus left open for future direction. In effect, this is a controversy between the original parties, and it is for the court to say from the evidence what the parties intended and determined between them. The district court was doubtful as to the meaning or effect of the insurance provision. But we think under all the evidence that the parties to the mortgage understood that the insurance that was taken out was for the security of the mortgage loan. Between the parties that was the evident arrangement. Defendants suggest that a provision in the policy which covered, among other things, all property on the premises in which insured has any interest, made the policy cover only

defendants' interest, but we cannot so interpret it. This was intended to make complete the description of all property covered.

■ Objection is made that to recover on an equitable lien the action must have been in equity. However, no objection was made to the forum, and, in the absence of a motion to transfer, the objection would be deemed waived. See Corey v. Sherman, 96 Iowa 114, 64 N. W. 828, 32 L. R. A. 490, 514, and Code provisions relating to kind of proceedings, sections 10944, 10946, and 10949. That the error is not available on appeal has been often held by this court. See Wilson v. Mid-West State Bank, 193 Iowa 311, 314, 186 N. W. 891, 893, 21 A. L. R. 229. Cases cited by defendants in their contention that this objection may be urged on appeal for the first time do not support this view. Cooper v. City of Cedar Rapids, 112 Iowa 367, 83 N. W. 1050, holds that the objection made by the defendant is not that this case should have proceeded at law but that no such relief as is asked can be given by any tribunal. To the same effect is the case of Newman, Trustee, v. The Covenant Mut. Ben. Assn., 72 Iowa 242, 33 N. W. 662, and also McLachlan v. Town of Gray et al., 105 Iowa 259, 261, 74 N. W. 773, wherein it is said:

"If the objection here was to the forum, and not to plaintiff's right, the failure to make a motion to transfer to the proper docket would be a waiver."

■ The foregoing covers the main points suggested in argument. We are compelled to hold that under the facts presented defendants' motion for directed verdict against the assignee should have been sustained to the extent of the net proceeds in the hands of the assignee. The case is, therefore, reversed.—Reversed.

RICHARDS, C. J., and STIGER, SAGER, HAMILTON, BLISS, OLIVER, and MILLER, JJ., concur.