DANIEL RANSLOW, administrator of estate of IVA BRIETENKAN, appellant, v. U. S. FIDELITY & GUARANTY COMPANY et al., appellees.

No. 48037.

(Reported in 53 N.W.2d 247)

732

MAY 6, 1952.

F. H. Becker and R. N. Russo, both of Dubuque, for appellant.

E. J. Kean and Czizek & Czizek, all of Dubuque, for appellees.

OLIVER, J.—This case grows out of a prior suit in the same court by plaintiff against Lloyd Lee Frank et al. A writ of attachment had issued under which defendant deputy sheriff had attached Frank's automobile. Defendants Frank et al. moved to dismiss the petition. January 5, 1949, the court sustained the motion and ordered plaintiff to plead over or elect to stand on the ruling by January 25. January 10, the deputy sheriff released the attachment and returned the automobile to Frank. January 25, 1949, plaintiff filed in said action a substituted and amended petition. Trial of that action in 1950 resulted in judgment for plaintiff against Frank for $4517.06.

Thereafter plaintiff brought the instant case, praying judgment, in Count IV of the petition, against the sheriff and deputy for $4517.06, plus interest and accrued costs, on account of their alleged wrongful and unlawful release to Frank of the attached automobile. Defendants' motion to dismiss said Count IV asserted the petition, in several specified particulars, failed to state a claim upon which any relief should be granted. See rule 104(b), Rules of Civil Procedure. The trial court sustained this motion August 7, 1951. Plaintiff did not plead further. September 1, 1951, he filed notice of appeal to this court.

Section 639.64, Code of Iowa, 1950, provides in part: "If

the judgment is rendered in the action for the defendant, or, if the action is dismissed by the court, * * * the attachment shall, subject to the right of appeal, automatically be discharged and the property attached, or its proceeds, shall be returned to the defendant."

Rule 86, Rules of Civil Procedure, provides a party required or permitted to plead further by an order or ruling shall do so within seven days after the mailing or delivery of notice thereof, unless otherwise provided by order or ruling; "and if such party fails to do so within such time, he thereby elects to stand on the record theretofore made. On such election, the ruling shall be deemed a final adjudication in the trial court without further judgment or order * * *."

The order of January 5, 1949, in the previous suit, recited: "Defendants' motion to dismiss plaintiff's petition is sustained, and plaintiff shall on or before January 25, 1949, either plead over or file an election to stand on the ruling of the court."

In the order of August 7, 1951, here upon appeal, which sustained the motion to dismiss Count IV, the court reasoned the release to Frank of the automobile attached in the prior case was proper because the attachment had been automatically discharged, under Code section 639.64, by the order of January 5, 1949, sustaining the motion to dismiss that petition. The order appealed from states: "When the plaintiff filed his substituted and amended petition * * * within the time allowed by the court to plead over, if he wished to retain an attachment lien on the property he should have had another writ of attachment issue and levied on the property."

I. The basic question is whether an attachment is automatically discharged by an order sustaining the defendants' motion to dismiss the petition. When such a motion is sustained plaintiff has the option, within the time fixed by R. C. P. 86 or by the court, to elect to stand on the record theretofore made, and may do so merely by failing to plead further. At the expiration of such time the ruling will be deemed a final adjudication without further judgment or order and the attachment will be automatically discharged under Code section 639.64, subject to the right of appeal referred to therein. See Advisory Committee Comment and Author's Comment under R. C. P. 86, 1 Cook's Iowa Rules Civil Procedure, Revised Edition, pages 544, 545.

734

Until 'the expiration of said time (unless plaintiff sooner formally elects to stand on the record or to have judgment entered against him) the order sustaining defendant's motion to dismiss the *petition* does not ripen into an order dismissing ,the *action* or into a judgment for defendant, within the purview of Code section 639.64. The order ordinarily determines only the law on the facts alleged in the petition. It becomes an adjudication only if the plaintiff chooses to make it such.

■ In the Frank case the order never became an order dismissing the *action*, or a judgment for defendant, or a final adjudication, because plaintiff did plead further within the time fixed. This appeal does not involve the status of an attachment after the revivor, reinstatement or reversal of a dismissed action and decisions in such cases are not in point. The timely filing of the substituted and amended petition in the Frank case prevented the dismissal of that action. We hold the conclusion of the court that the attachment in the Frank case was automatically discharged, under Code section 639.64, by the order sustaining the motion to dismiss the petition, was incorrect, and the order based thereon, sustaining the motion to dismiss Count IV of the petition at bar, was erroneous.—Reversed.

All JUSTICES concur except SMITH, J., who takes no part.