ADOLPH BERVID, appellee, v. IOWA STATE TAX COMMISSION, appellant.

No. 48992.

(Reported in 78 N.W.2d 812)

1334

OCTOBER 16, 1956.

REHEARING DENIED DECEMBER 14, 1956.

Dayton Countryman, Attorney General, M. A. Iverson, Special Assistant Attorney General, and Ruth B. Klotz, Assistant Commission Attorney, for appellant.

Edward L. O'Connor, of Iowa City, for appellee.

BLISS, J.—Section 427.3(3) of the Iowa Code of 1954 provides:

"Military service—exemptions. The following exemptions from taxation shall be allowed: * * *

"3. The property, not to exceed seven hundred fifty dollars in taxable value of any honorably discharged soldier, sailor, marine, or nurse of the first world war."

On or about September 23, 1955, appellant denied the appellee's, Bervid's, eligibility to a soldier's tax exemption under said Code section and so notified appellee, who appealed from said ruling to the district court of Johnson County, Iowa, by filing his petition therein on October 6, 1955. The petition alleges in substance as follows: the appellee's residence in Johnson County and his ownership of described real estate; his induction into the military service of the United States at Camp Dodge, Iowa, on September 5, 1918; his taking of "the Federal Oath required of all soldiers being so inducted and was assigned as a private to Company 47, 163rd Depot Brigade 4-833539 and actually served as a soldier in said Camp Dodge, Iowa, of the first World War and was honorably discharged 'from the military service of the United States' on November 19, 1918, all as shown by Exhibit 'A', being a copy of said Discharge," attached to and made a part of the petition; "that upon his Discharge from the military service he was paid the Government Bonus of $60 which was paid to all discharged soldiers of the first World War"; that on or about September 23, 1955 the Commission entered a ruling denying appellee's eligibility to claim a soldier's exemption under said Code section 427.3(3) because the Commission "claims he has a discharge from the *draft,* and not from the military service"; on October 6, 1955, Bervid duly perfected his appeal to the district court of Johnson County; by reason of the allegations in his petition as hereinabove stated, the petitioner, Bervid, alleged that he was entitled to the tax exemption under Code section 427.3(3), and prayed that the ruling of the Commission be set aside and that he be granted the tax exemption as provided in the said Code section. The petition was duly verified.

Exhibit "A" of the petition is as follows:

"*7719 United States to Adolph Bervid. Discharge from Draft.*

"To all to whom it may concern:

"This is to Certify, That Adolph Bervid, a recruit, Co. 47, 163rd Depot Brigade 4-833539 is hereby Discharged *from the Military Service* of the United States by reason of Physical deficiency as per 3rd Ind., Dated November 19, 1918, on form 1010 P.M.G.O. Giving as reason for Discharge, Dementia Praecox Heberphrenia Group 'D'.

"Said Adolph Bervid was *inducted into the service* from the jurisdiction of the Local Board for Iowa City, Johnson County, Iowa, on the fifth day of September 1918.

"While this Certificate discharges the person named herein from his present obligation to serve in the Army, it does not operate as a permanent bar to his subsequent entrance into the military service. Under Section 5 of the Act of May 18, 1917, all registered persons remain subject to the draft unless exempt or excused as in that Act provided. Therefore, this discharge does not excuse the holder from obedience to the process of Exemption Boards.

"Given at Camp Dodge, Iowa, this 19th day of November, 1918.

"By (command) of Brigadier General Simons, Lloyd K. Hall, 2nd Lieut. A.G.D. U.S.A. Asst. Camp Personnel."

The county recorder of Johnson County certifies to the recording of the instrument on October 10, 1946, at 10:30 a.m., and that it is a true copy of the "Discharge From Draft" as it appears in his office. The italics in the instrument is as it appears therein.

On December 10, 1955, the defendant-commission filed in the office of the Johnson County Clerk of Court its Motion to Dismiss the petition on the following grounds:

"1. That the petition shows on its face that the plaintiff's cause of action is predicated upon a 'discharge from draft', which is attached to the petition and by reference in paragraph 2 of said petition made a part thereof, and as a matter of law the Supreme Court of the State of Iowa has held in the case of

Lamb v. Kroeger, 233 Iowa 730, 8 N.W.2d 405, that a person whose activities preliminary to military service are only such as entitle that person to a 'discharge from the draft' is not a person who has a status qualifying under Section 427.3(3) of the 1954 Code of Iowa for the soldier's exemption there provided, and, therefore, said petition fails to state a cause of action.

"2. That plaintiff's petition shows on its face in Exhibit A that plaintiff was discharged from his obligation to serve in the Army by reason of physical deficiency and never was, nor could be, an honorably discharged soldier of the First World War within the meaning of Section 427.3(3) of the 1954 Code of Iowa, as interpreted by Lamb v. Kroeger, 233 Iowa 730, 8 N.W.2d 405, on the basis of any military activity prior to such a discharge, and, therefore, said petition fails to state a cause of action."

The motion was orally submitted to the district court on December 14, 1955. The court, after stating the allegations of the petition in its "Ruling and Judgment" and holding that the Lamb case was not controlling because of factual differences, said: "It is the understanding of the Court from the law, *and from his personal experience in the military service, that the Government Bonus of $60 was not paid to men just discharged from the draft but was only paid to honorably discharged soldiers of the military service.* The plaintiff was paid this $60 bonus.

"This plaintiff had actually been inducted into service at Camp Dodge, assigned to a specific department of the Army, took the required Oath, *and was given a serial number, which he undoubtedly wore on a cord around his neck. The judge who is writing this opinion served in World War One and knows what a Depot Brigade is, or was in 1917 and 1918. It is an integral part of the United States Army, the same as a company, a battalion, or a regiment in the active forces. It is a station where recruits are assembled and trained, and from which troops could be withdrawn as replacements in other outfits as needed. In World War One there was a Depot Brigade in every cantonment in the United States. Such facts were common knowledge to those who were then in military service and are such facts of which this Court can and does take judicial notice.* [Italics ours.]

1338

\* \* \*

"Based upon the facts of this case as are set forth in plaintiff's petition, and admitted to be true by the demurrer or motion to dismiss of defendant, the law, *and the observations of the Court as in this opinion set forth, the Court is of the opinion and finds that the plaintiff, Adolph Bervid, is an honorably discharged soldier of World War One and entitled to all the rights and privileges granted to him under the provisions of Chapter 427 of the 1954 Code of Iowa.*

"It is therefore *ordered, adjudged and decreed* that the findings, decisions and rulings of the State Tax Commission of the State of Iowa relative to this plaintiff, entered on September 23, 1955, denying plaintiff the right to receive the soldiers' tax exemption provided for in Chapter 427 of the Code, *be and the same are hereby reversed, set aside, and held for naught, and that plaintiff be and he is hereby declared eligible and is granted the tax exemption as* is provided for in said Code chapter as an honorably discharged soldier of World War One.

"Dated this second day of February, 1956." (Italics ours.)

█ I. The only function of the district court was to rule upon the Commission's Motion to Dismiss—to grant or to deny it. It did neither. Instead, it passed upon the merits of the case as pleaded in appellee's petition, and as supplemented by the court's personal knowledge as an individual, and rendered a final judgment disposing of the action. The court ignored the Commission's rights under Iowa Rules of Civil Procedure 85 and 86, giving it the opportunity to stand upon its motion or to plead further. By the judgment rendered and entered the court made it impossible for the Commission to file an answer and proceed to trial. As said in Ranslow v. U.S. Fidelity & Guaranty Co., 243 Iowa 731, 733, 734, 53 N.W.2d 247, 248, with reference to a ruling on a motion to dismiss, Justice Oliver, speaking for this court: "When such motion is sustained plaintiff has the option, within the time fixed by R.C.P. 86 or by the court, to elect to stand on the record theretofore made, and may do so merely by failing to plead further. \*\*\* The order ordinarily determines only the law on the facts alleged in the petition. It becomes an adjudication only if the plaintiff chooses to make it such."

■ It is our conclusion that the motion to dismiss should have been denied.

■ The trial court was required to pass upon the motion as made and not to treat it as a different pleading. It was limited to sustaining or denying it. Kladivo v. Hospodarsky, 188 Iowa 1208, 1211, 177 N.W. 467, 468; Mitchell v. Beck, 178 Iowa 786, 813, 156 N.W. 428, 160 N.W. 232; Sloanaker v. Howerton, 182 Iowa 487, 491, 492, 166 N.W. 78: ("It had to be dealt with as presented, and all that could be done was to either grant it or deny it.") For a like holding see In re Estate of Nairn, 215 Iowa 920, 923, 247 N.W. 220.

Rule 104(b) of the Iowa Rules of Civil Procedure provides: "Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer." It is much like Federal Rule 12(b).

In Savada Bros. v. Conville, D.C. Pa., 8 F.R.D. 127, the court said: "On a motion to dismiss, District Court is not concerned with the merits, but solely with question of whether pleadings sustain the cause of action." To like effect see Smith v. American Can Co., D.C. Ill., 8 F.R.D. 112. The action of the court was reversible error.

■ II. It is true, of course, that the Motion to Dismiss admitted the well-pleaded facts in the petition, but not the conclusions, nor the factual observations and deductions of the trial court.

■ III. The court erred in holding his personal knowledge as sufficient basis for judicial notice. "Judicial knowledge is limited to what a judge may properly know in his judicial capacity, and he is not authorized to make his individual knowledge of a fact not generally or professionally known the basis of his action." 31 C.J.S., Evidence, section 11, page 516.

■ In volume 23, Words and Phrases, the words "Judicial Notice" are considered. " 'Before a court will take "judicial notice" of any fact, that fact must be a matter of common and general knowledge, well established and authoritatively settled, and the test is whether sufficient notoriety attaches to the fact to make it proper to assume its existence without proof.' " Johnson v. City of Tulsa, 97 Okla. Crim. Rep. 85, 90, 258 P.2d 695, 700.

1340

Many of the facts the court assumed and took judicial knowledge and notice thereof were not of that character, and the Commission had no opportunity to dispute by evidence such matters.

The judgment is—Reversed and remanded.

All JUSTICES concur.