WINNESHIEK MUTUAL INSURANCE ASSOCIATION, appellee, v. MYLES E. ROACH and KERNDT BROTHERS SAVINGS BANK, appellants; FARMERS MUTUAL REINSURANCE COMPANY, Grinnell, Iowa, defendant on cross-petition, appellee.

No. 51367.

(Reported in 132 N.W.2d 436)

JANUARY 12, 1965.

Haehlen & Morrow, of Waukon, for appellant Myles E. Roach.

Sheridan & Sheridan, of Waukon, for appellant Kerndt Brothers Savings Bank.

Miller & Pearson, of Decorah, and Tomasek & Vogel, of Grinnell, for appellees Winneshiek Mutual Insurance Association and Farmers Mutual Reinsurance Company.

GARFIELD, C. J.—This appeal comes to us upon a printed record of 250 pages and briefs of 225 pages. The action was commenced May 14, 1962, and should have been tried on its merits and gone to final judgment before now. Yet the case is still not at issue. It is regrettable counsel have seen fit to file so many long pleadings and motions that the case has become unduly complicated.

Plaintiff, Winneshiek Mutual Insurance Association, filed its petition for declaratory judgment that a fire insurance policy, 5087FW, issued by it to defendant Roach on a turkey barn owned by him was not in effect, by reason of nonpayment of an assessment or premium, at the time fire damaged or destroyed it. A second count against Kerndt Brothers Savings Bank, herein called "the bank", alleged it had made demand on plaintiff for a substantial sum of the insurance money under an alleged loss payable clause as mortgagee of Roach, no such clause was attached to policy 5087FW, plaintiff was not indebted to the bank, a controversy over proceeds of the insurance had arisen and it should also be determined whether plaintiff is indebted to the bank.

Each defendant filed answer and cross-petition against plaintiff and Farmers Mutual Reinsurance Company of Grinnell, herein called "the Grinnell Company." Each defendant denied the insurance was not in effect at the time of the fire. Roach asked judgment for $37,000, amount of the policy with additions. The bank asked judgment for $15,000 and interest, amount of its mortgage on the farm where the burned turkey barn was located. Each cross-petition sought judgment against both plaintiff and the Grinnell Company on the theory the latter was, in effect, a coinsurer with plaintiff rather than a mere reinsurer of the loss.

Plaintiff and the Grinnell Company each filed motions to dismiss each cross-petition. These four motions and five others (or applications) were submitted and eventually ruled upon on December 19, 1963. The motions to dismiss were sustained. On January 16, 1964, each defendant filed notice of appeal to us from the sustaining of the motions to dismiss and some other parts of the ruling, without applying to us for permission to appeal as provided by rule 332(a), Rules of Civil Procedure. Plaintiff and the Grinnell Company have moved to dismiss these appeals as attempts to appeal from interlocutory rulings without permission from us. The motions were ordered submitted with the appeals and must now be ruled upon.

I. We are clear the motion to dismiss the appeal of Roach must be sustained.

The ruling appealed from cannot be deemed a final judgment or decision within the meaning of rule 331(a), R. C. P., from which an appeal may be taken as of right, i.e., without permission from us under rule 332(a). The ruling does not finally adjudicate the rights of the parties; it is not finally decisive of the case. Rule 219, R. C. P.; Forte v. Schlick, 248 Iowa 1327, 1329, 85 N.W.2d 549, 551, and citations; Employers Group of Insurance Companies v. Villhauer, 254 Iowa 391, 394, 118 N.W.2d 38, 40; Harden v. Illinois Central R. Co., 254 Iowa 426, 428, 118 N.W.2d 76, 77, and citations; Comment 44 Iowa Law Review 778.

An order sustaining a motion to dismiss a petition—or cross-petition—ordinarily determines only the law on the facts alleged therein. It becomes an adjudication only if the pleader chooses to make it such. Not until then does it become an order dismissing the *action*—or cross-action. Ranslow v. United States Fidelity & Guaranty Co., 243 Iowa 731, 734, 53 N.W.2d 247, 248; Bervid v. Iowa State Tax Comm., 247 Iowa 1333, 1338, 78 N.W.2d 812, 816. Roach did not choose to make the ruling appealed from an adjudication; in fact he chose not to do so.

At this point rule 86, R. C. P., must be considered. Rule 331(a) provides for appeal as of right, not only from all final judgments and decisions but also (subject to exceptions not here applicable) from "any final adjudication in the trial court under rule 86 involving the merits or materially affecting the final decision, * * *."

Rule 86 provides that if a party is required or permitted to plead further by an order or ruling he shall file such further pleading within seven days unless otherwise provided by order or ruling; "and if such party fails to do so within such time, he thereby elects to stand on the record theretofore made. On such election, the ruling shall be deemed a final adjudication in the trial court without further judgment or order; reserving only such issues, if any, which remain undisposed of by such ruling and election."

"* * * Rule 86 was designed primarily to render unnecessary the formal entry of final judgment against a party who obviously has decided to stand on his pleadings following

a ruling on a motion to dismiss which is adverse to him. Such a party in effect suffers a final adjudication against him. The rule was applied under these circumstances in" (citations). Forte v. Schlick, supra, 248 Iowa 1327, 1330, 85 N.W.2d 549, 551.

The ruling appealed from here provides it is without prejudice to Roach's right to file a separate cross-petition against plaintiff, repleading allegations which were intermingled with those in his former cross-petition against both plaintiff and the Grinnell Company. If Roach elected so to do he was given 20 days to file the new pleading. On January 7, 1964, within the 20-day period, Roach and the bank each filed a new cross-petition against plaintiff. In view of the filing of this new cross-petition by Roach within the time the court allowed, the ruling on the motions to dismiss Roach's former cross-petition may not be deemed a final adjudication under rule 86. Ranslow v. United States Fidelity & Guaranty Co., supra, 243 Iowa 731, 734, 53 N.W.2d 247, 248.

Since the ruling appealed from was not a final judgment or decision within any accepted definition and may not be deemed a final adjudication against Roach under rule 86, we see no escape from dismissing his appeal, taken without permission from us.

II. The reason we have assigned for dismissing Roach's appeal does not apply to that of the bank. As we understand the ruling appealed from, it did not extend the bank's time for filing any further pleading. The bank filed no further pleading until long after the seven-day period rule 86 allows therefor where it is not "otherwise provided by order or ruling." By its failure to file further pleading within seven days the bank thereby elected "to stand on the record theretofore made"— i.e., stand upon the cross-petition the court ordered dismissed. Upon such election, by the plain terms of rule 86, the ruling dismissing the bank's cross-petition must be deemed a final adjudication against the bank from which rule 331(a) permits appeal as of right, provided the adjudication involves the merits or materially affects the final decision. There is little doubt the adjudication dismissing the bank's cross-action is of that kind.

When the final adjudication against the bank under rule 86 took effect upon its failure to plead further within seven days, its right to file another cross-petition ceased. The bank's new cross-petition filed on January 7 was an attempt to amend after it had elected, by failing to plead further within seven days, to stand on its former cross-petition and its cross-action stood dismissed. The new pleading was not allowable. It did not render ineffective the final adjudication against the bank which had previously resulted. Dvorak v. Dvorak, 244 Iowa 1113, 1117, 1118, 60 N.W.2d 88, 90, 91. Appellees' motion to dismiss the bank's appeal is therefore overruled.

III. On the merits, the bank's appeal presents two main questions decided adversely to it by the trial court: First, whether the bank's cross-petition *as amended* alleges an enforceable claim to the amount of its mortgage, to the proceeds of the policy in suit; second, whether the Grinnell Company should be made a party to the action. Of course this second question need be considered only if the first is decided in favor of the bank. With reference to the first of these questions the trial court ruled there is no allegation in the bank's cross-petition it lost any security by the fire in question or that policy 5087FW was made for its benefit.

One reason for this controversy which has become so complicated is that there were two fire insurance policies issued by plaintiff on buildings on the mortgaged farm. One policy, not directly involved in the action, No. 3727F, covered other buildings than the turkey barn which burned. When the bank's mortgage was made, so the cross-petition alleges, it wrote plaintiff it held a mortgage on the farm on which Myles E. Roach had a turkey operation and asked plaintiff to "send us a copy of the policy and also attach a mortgagee clause in our favor and send that along also." When plaintiff and the Grinnell Company received this letter a mortgagee clause was sent the bank but through their error and mistake (so says the cross-petition) it did not refer to policy 5087FW (the one in suit) although all parties intended it should. The so-called "mortgagee clause", actually a "Standard Mortgage Clause", states it is part of policy 3727F.

362

The bank's amended cross-petition alleges in detail plaintiff intended the mortgage clause to be part of all policies of insurance on the buildings on the mortgaged premises, failure of the clause to so provide was the result of mutual mistake, if necessary the mortgage clause should be reformed to express the true intent of the parties by including the policy in suit.

The amended cross-petition also alleges it was the intention, understanding and oral agreement between the bank and Roach that it would have coverage and protection of all insurance on the buildings on the mortgaged premises and any loss under the policy in suit would be payable to the bank to the amount of its mortgage. The bank's amended cross-petition also sets out this provision of its mortgage with regard to insurance:

"It is hereby further agreed that the said Party of the First Part (Roach) shall cause the buildings on the premises hereby conveyed to be insured, and kept insured, against loss or damage by fire * * * in some good and reliable company or companies, to be approved by the Party of the Second Part (bank), * * * as its or their interest may appear and deliver the policy or policies to the Party of the Second Part, * * *."

We deem further reference to allegations of the bank's amended cross-petition on this issue unnecessary. We think it was error to dismiss the cross-petition on the ground it was not alleged the bank lost security by the fire or that policy 5087FW was not made for its benefit.

 Of course appellees' motions to dismiss the cross-petition admit all well-pleaded facts therein for the purpose of testing their legal sufficiency. Herbst v. Treinen, 249 Iowa 695, 699, 88 N.W.2d 820, 823, and citations; Thompson v. Burke Engineering Sales Co., 252 Iowa 146, 148, 106 N.W.2d 351, 353, and citations.

 The rule of law we believe governs this branch of the case seems to be well settled. The opposing briefs cite some of the same precedents which express it. The rule is that a mere mortgagee has no interest in an insurance policy issued to the mortgagor upon the mortgaged property unless such interest be created by some agreement between mortgagor and mortgagee

in relation thereto. In the absence of such an agreement the insurance contract is strictly personal between the insurer and its ·patron. As a rule, however, the mortgagee has an equitable lien on proceeds of a fire insurance policy procured by the mortgagor pursuant to an agreement to insure for the mortgagee's benefit, although the policy is not made payable to the mortgagee. Central National Bk. & .Tr. Co. v. Simmer, 228 Iowa 784, 787, 788, 293 N.W. 460, and citations; Annotations, 9 A. L. R.2d 299, 301,· 92 A. L. R. 559; 46 C. J. S., Insurance, section 1147; 36 Am. Jur., Mortgages, section 334.

"Furthermore, it is immaterial whether the policy existed at the time the mortgage was executed, or was subsequently obtained." 36 Am. Jur., Mortgages, section 334.

See also 46 C. J. S., Insurance, section 1147b, page 32; Heins v. Wicke, 102 Iowa 396, 407, 71 N.W. 345.

Twenty-four thousand dollars ($24,000) of the insurance in controversy was taken out March 29, 1960. Additional insurance of $12,000 on turkey equipment and machinery was obtained December 16, 1960, and the remaining $1000, on a deep well, on March 7, 1962. All $37,000 was provided by policy 5087FW. The bank's mortgage was taken April 11, 1961.

We think the bank's amended cross-petition alleges it was agreed between it and Roach the insurance provided by the policy was for the bank's benefit. The mortgage itself provides Roach agrees to keep the buildings insured against loss or damage by fire in some good and reliable company or companies, to be approved by the bank, as its interest may appear, and deliver the policy or policies to it. Unless it was contemplated the insurance was for the bank's benefit there was no reason why it must approve the company or companies issuing it and have the policy or policies delivered to it.

Appellees suggest Roach complied with any agreement of his to maintain insurance by obtaining the other policy, 3727F, to which the mortgage clause refers. It is a sufficient answer that the cross-petition alleges, as before stated, it was the intention, understanding and agreement between the bank and Roach that the former would be protected by *all* insurance on the mortgaged premises and any loss ·under the policy in suit would be

payable to the bank to the amount of its mortgage. Roach does not question the bank's claim to the insurance money to the extent of its mortgage. In fact he evidently favors the allowance of its claim. Any amount the bank collects under policy 5087FW would be deducted from the amount otherwise payable to Roach. It is not apparent why appellees strenuously resist paying the bank part of the proceeds of the policy, assuming of course it was in effect at the time of the fire.

Central National Bk. & Tr. Co. v. Simmer, supra, 228 Iowa 784, 787, 788, 293 N.W. 460, 461, 462, seems to support our holding that the bank's amended cross-petition sufficiently alleges it was agreed between mortgagor and mortgagee the insurance in controversy was for the latter's benefit. The mortgage there obligated the maker " 'To keep * * * said property insured against loss by fire as mortgagee may direct, depositing the policies with mortgagee.' " The mortgage also provided that if the mortgagor " 'fails to insure the same as herein agreed, mortgagee may do so, and all sums so paid by the mortgagee shall be due mortgagee and shall be secured by the lien hereof.' " No mortgage clause was attached to the policy. In a controversy over the insurance money between the mortgagee and an assignee of the mortgagor we held the former was entitled to a directed verdict.

This is from the opinion (page 788 of 228 Iowa) : "In effect, this is a controversy between the original parties, and it is for the court to say from the evidence what the parties intended and determined between them. The district court was doubtful as to the meaning or effect of the insurance provision. But we think under all the evidence that the parties to the mortgage understood that the insurance that was taken out was for the security of the mortgage loan."

Volume 59 C. J. S., Mortgages, section 328a, page 447, says an oral agreement by the mortgagor to insure for the mortgagee's benefit is binding.

Appellees tell us the bank's note is amply secured by the mortgage, policy 3727F fully protects it and resort to any of the proceeds of policy 5087FW is unnecessary. The argument is not based on facts alleged in the cross-petition. Nothing in the

cross-petition states the value of the mortgaged premises nor of the buildings other than the burned turkey barn and equipment. It is elementary a motion to dismiss must be based on matters alleged in the pleading assailed. Facts not so appearing, except those of which judicial notice may be taken, must be ignored. Bervid v. Iowa State Tax Comm., supra, 247 Iowa 1333, 1339, 78 N.W.2d 812, 816; Herbst v. Treinen, supra, 249 Iowa 695, 699, 700, 88 N.W.2d 820, 823, and citations; Credit Industrial Co. v. Happel, Inc., 252 Iowa 213, 219, 106 N.W.2d 667, 670.

Wheeler v. Factors & Traders Ins. Co., 101 U. S. 439, 442, 25 L. Ed. 1055, 1057, contains this dictum with reference to a mortgagor's agreement to insure, to which appellees call attention: "if the debt is abundantly secured by the property which remains liable to the mortgage, a court of chancery would properly decline to enforce it." This statement is not applicable here. As above pointed out, it does not appear from its cross-petition the bank's debt is abundantly secured by the property which remains liable to the mortgage. See in this connection Savarese v. Ohio Farmers Ins. Co., 260 N. Y. 45, 182 N.E. 665, 91 A. L. R. 1341; 45 C. J. S., Insurance, section 919, pages 1025, 1026.

The cross-petition does not allege whether the bank's mortgage is due. Under some authorities a mortgagee may not apply proceeds of insurance, taken out for his benefit, to payment of the mortgage debt prior to its maturity unless the mortgagor agrees thereto, but must hold it until some part of the debt matures. Of course the parties may agree to apply the insurance money toward restoration of the destroyed property rather than to the mortgage debt. 36 Am. Jur., Mortgages, section 339; Annotation, 11 A. L. R. 1295, 1301. See also 59 C. J. S., Mortgages, section 328d(2), pages 452, 453. However, we are not faced with this problem here. The motions to dismiss the cross-petition do not assign as a ground therefor that the mortgage debt is not due. We have held many times the sustaining of a motion to dismiss will not be approved here upon a ground not asserted in the trial court. Markman v. Hoefer, 252 Iowa 118, 122, 106 N.W.2d 59, 62, and citations. See also Bartels v. Cair-Dem, Inc., 255 Iowa 834, 124 N.W.2d 514, 521.

We think it was error to dismiss the bank's amended cross-petition on plaintiff's motion.

IV. Principal ground of the Grinnell Company's motions to dismiss the bank's cross-petition and to strike parts thereof is that the former is not a proper party to the action.

The policy and pertinent endorsements attached by amendment to plaintiff's petition make no reference to the Grinnell Company and appear to have been issued by plaintiff-association to Roach. The bank's cross-petition alleges, however, that notwithstanding issuance of the policy in plaintiff's name it was in fact and reality a contract of both plaintiff and the Grinnell Company whereby both agreed to pay Roach for the loss sustained and issuance of the policy in plaintiff's name was for the convenience of both insurers.

A second division of the cross-petition repeats the allegation the policy was actually the contract of plaintiff and the Grinnell Company and adds that the latter had entered into an agreement with plaintiff, which was in effect at the time the policy was issued, it would pay all or its share of a loss Roach might sustain that was covered by terms of the policy. Also that said contract was made for the benefit of Roach and the Grinnell Company is as fully bound to pay the loss sustained as if the policy had been issued in its name.

In determining the propriety of the court's dismissal and striking of the cross-petition as to the bank's claim against the Grinnell Company we consider only the allegations of the cross-petition. Further, where as here a doubtful pleading is directly attacked by motion before issue is joined or in the answer as permitted by rule 72, R. C. P., it will be resolved against the pleader. Reed v. Harvey, 253 Iowa 10, 13, 110 N.W.2d 442, 443, 444; Ruud v. Grimm, 252 Iowa 1266, 1270, 110 N.W.2d 321, 323; Eaton v. Downey, 254 Iowa 573, 579, 118 N.W.2d 583, 586. We think this rule is important here.

The Grinnell Company contends and the trial court ruled its only relationship to plaintiff is as reinsurer. "It is well settled in Iowa, as well as in most other jurisdictions, that no action can be maintained by the insured upon a mere reinsurance contract, for the reason that he is neither a party thereto

nor in privity therewith" (citations). Crozier v. Lenox Mutual Ins. Assn., 252 Iowa 1176, 1180, 110 N.W.2d 403, 406.

See also annotation to Globe National Fire Ins. Co. v. American Bonding & Casualty Co., 198 Iowa 1072, 195 N.W. 728, 200 N.W. 737, 35 A. L. R. 1341, at 1348.

The bank concedes the rule is as stated but thinks it does not apply here because, it is said, it has alleged the Grinnell Company is more than a reinsurer and directly liable to the bank. Principal reliance is upon Iowa Mutual Tornado Ins. Assn. v. Timmons, 252 Iowa 163, 174, 175, 105 N.W.2d 209, 216, decided nearly a year before the Crozier decision, supra, and explained therein. See also Baird & Son v. Kaskaskia Live Stock Ins. Co., 198 Iowa 905, 906, 907, 200 N.W. 575, and the annotation, supra, in 35 A. L. R. at 1351.

 We are not persuaded the bank's cross-petition, construed in accordance with the rule previously alluded to, states a claim it may directly enforce against the Grinnell Company at this time. We are clear the allegation that the policy, which purports to be the contract of plaintiff, was in fact the contract of both plaintiff and the Grinnell Company, issued in the former's name for the convenience of both, is a mere conclusion unsupported by any well pleaded facts. The Grinnell Company properly attacked the allegations referred to on such ground. Nothing in the policy referred to supports the conclusion. In fact the pleading is a direct contradiction of the terms of the policy.

 "* * * A pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves. A good pleading consists of the statements of the ultimate facts in the case, and, when so stated, the pleader has a right to plead his conclusions based upon those facts" (citations). Eaton v. Downey, supra, 254 Iowa 573, 578, 118 N.W.2d 583, 586. See also 71 C. J. S., Pleading, sections 14, 15; 41 Am. Jur., Pleading, section 16.

 Does the allegation in the second division of the cross-petition that the Grinnell Company had entered into an agreement with plaintiff it would pay all or its share of a loss Roach might sustain and that the agreement was made for the

benefit of Roach plead an assumption of direct liability to the insured rather than a contract of indemnity with plaintiff? We think not. Where another insurer assumes direct liability to the original insured, there is a substitution of all or part of the risk rather than reinsurance. Iowa Mutual Tornado Ins. Assn. v. Timmons, supra, 252 Iowa 163, 175, 105 N.W.2d 209, 216, and citations. Much more than we have here appears in the cited case to support the conclusion there reached.

Clearly the allegation in the second division of the cross-petition that the Grinnell Company is as fully bound to pay the loss as if the policy had been issued in its name is an unallowable conclusion like those in the first division we have held insufficient.

We affirm the dismissal of the bank's cross-petition against the Grinnell Company.

V. The bank assigns as error some other rulings of the trial court. They are clearly interlocutory and we decline to decide them. They may be assigned as error on appeal from the final judgment if shown to have substantially affected the rights of the complaining party. Rule 331(b), R. C. P. We recall no appeal from a final adjudication under rule 86 in which we have considered and decided interlocutory rulings in addition to reviewing the adjudication under the rule.

Half the costs of the appeal are taxed to Roach. The other half are taxed in equal parts to plaintiff-association and the bank.—Appeal of Roach dismissed; affirmed in part and reversed in part on appeal of the bank.

All JUSTICES concur.