Ida F. AMBROSE and Dale D. Findlay,
Appellants,

v.

HARRISON MUTUAL INSURANCE
ASSOCIATION, Appellee.

No. 55500.

Supreme Court of Iowa.

April 25, 1973.

William O. Lewis, Harlan, for appellants.

William H. Welch, Logan, for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and HARRIS, JJ.

RAWLINGS, Justice.

Joint action at law by plaintiffs, vendor and vendee, against defendant insurer for fire caused property loss. Plaintiffs appeal from trial court order sustaining defendant's motions to dismiss and overruling plaintiffs' motion for summary judgment. We reverse.

By their petition plaintiffs, Ida F. Ambrose (vendor) and Dale D. Findlay (vendee), allege:

March 25, 1966, defendant Harrison Mutual Insurance Association (insurer) issued a five year term policy protecting plaintiff vendor against fire loss in the amount of $2200 to specified structures and personalty located on land owned by her.

June 5, 1969, Ambrose entered into an executory installment contract for sale of said land, including property insured, the sale price being $16,200.

March 5, 1970, some of the described defendant insured structures and personalty were totally destroyed by fire.

The petition also alleges plaintiff Findlay is vendee under the above mentioned installment contract and plaintiffs have done all required of them under the policy but insurer refuses to pay.

The record also discloses these subsequent relevant proceedings:

June 2, 1970, insurer moved to dismiss as to Findlay grounded upon his alleged failure to state a cause of action, absence of privity and vendee's lack of right under the policy.

August 21 insurer moved to dismiss as to Ambrose because she had sold the property insured to Findlay, he in turn was current in contract payments due, and since the policy coverage was less than the amount already paid vendor under the contract she had suffered no "direct loss".

September 8 plaintiffs filed resistance to both motions by insurer, *supra*.

The same date plaintiffs jointly and severally moved for summary judgment supported by Findlay's attached affidavit. No resistance thereto appears of record.

January 3, 1972, trial court sustained insurer's motion to dismiss as to both Ambrose and Findlay. At the same time plaintiffs' summary judgment motion was overruled *sua sponte*.

Plaintiffs here contend trial court erred in (1) sustaining defendant's motions to dismiss, (2) overruling plaintiffs' motion for summary judgment.

I. At the outset it is essential we reiterate several pertinent principles by which trial courts are guided in ruling upon a motion to dismiss.

The grant or denial thereof is not discretionary but must be determined upon sound legal grounds. See Newton v. Grundy Center, 246 Iowa 916, 919, 70 N. W.2d 162 (1955).

And In re Lone Tree Com. School Dist. of Johnson & Louisa, 159 N.W.2d 522, 525 (Iowa 1968), quotes this from Halvorson v. City of Decorah, 258 Iowa 314, 319–320, 138 N.W.2d 856, 860 (1965):

"'Grounds of a motion to dismiss a pleading because it does not state a cause of action must be based on the contents of the pleading assailed. Newton v. City of Grundy Center, supra. Facts not so appearing, except those of which judicial notice must be taken, must be ignored. Winneshiek Mutual Insurance Association v. Roach, supra, 257 Iowa 354, 132 N.W.2d [436] at 443. Such motions must specify wherein the pleading they attack is claimed to be insufficient. R. C.P. 104(d).

"'While a *motion to dismiss* admits the truth of all well-pleaded, issuable and relevant facts, it does not admit mere conclusions of fact or law not supported by allegations of ultimate facts. Harvey v. Iowa State Highway Commission, 256 Iowa 1229, 1230, 130 N.W.2d 725, 726;

Hahn v. Ford Motor Co., supra, page 29 of 256 Iowa 27, 126 N.W.2d [350] at 352.

" ' "A pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves. A good pleading consists of the statement of the ultimate facts in the case, and, when so stated, the pleader has a right to plead his conclusions based upon those facts." Winneshiek Mutual Insurance Association v. Roach, supra, [at page 367 of 257 Iowa] 132 N.W.2d at 444.' "

This court further said in Nelson v. Wolfgram, 173 N.W.2d 571, 573 (Iowa 1970): "If in view of what is alleged, it reasonably can be conceived plaintiff can upon the trial make a case which would entitle him to *some* relief, the petition should not be dismissed." (Emphasis supplied).

■ Stated otherwise, a dismissal motion should not be sustained if the petition alleges ultimate facts upon which *any* relief sought may be afforded. See Dragstra v. Northwestern State Bank of Orange City, 192 N.W.2d 786, 787 (Iowa 1971); Stearns v. Stearns, 187 N.W.2d 733, 734 (Iowa 1971).

II. First entertained is plaintiff vendee's claim to the effect trial court erroneously dismissed his case.

■ It is to be inceptionally understood, both vendor and vendee under a contract of sale by which the equitable title passes to vendee have an insurable interest in the property. Depreciation in value, by reason of fire which consumes any structures or other involved property thereon, must be borne by vendee. And insurance proceeds paid in settlement to contract vendor are held by him in trust for contract vendee. See Kintzel v. Wheatland Mutual Insurance Ass'n, 203 N.W.2d 799, 811 (Iowa 1973); H. L. Munn Lumber Company v. City of Ames, 176 N.W.2d 813, 816 (Iowa 1970); Gard v. Razanskas,

248 Iowa 1333, 1336–1338, 85 N.W.2d 612 (1957). See also Farmers Butter & Dairy Coop. v. Farm Bur. Mut. Ins. Co., 196 N. W.2d 533, 536 (Iowa 1972).

At this point several Iowa Rules of Civil Procedure come into play. In material part they provide:

23. "Any number of persons who claim any relief, jointly, severally or alternatively, arising out of or respecting the same transaction, occurrence or series of transactions or occurrences, may join as plaintiffs in a single action, when it presents or involves any question of law or fact common to all of them. They may join any causes of action, legal or equitable, independent or alternative, held by any one or more of them which arise out of such transaction, occurrence or series, and which present or involve any common question of law or fact."

25(a) "Except as provided in this rule, all persons having a joint interest in any action shall be joined on the same side, but such persons failing to join as plaintiffs may be made defendants. This rule does not apply to class actions under rules 42–47, nor affect the options permitted by sections 613.1 and 613.2 of the Code."

26. "A party need not be interested in obtaining or defending against all the relief demanded. Judgment may be given respecting one or more parties according to their respective rights or liabilities."

28. "An action heretofore cognizable only after another has been prosecuted to conclusion may be joined with the latter; and the court shall grant relief according to the substantive rights of the parties. But there shall be no joinder of an action against an indemnitor or insurer with one against the indemnified party, unless a statute so provides."

At cost of some unavoidable repetition we look again to the pleaded factual situa-

tion as it relates to plaintiff vendee (Findlay).

The petition alleges he is the assignee purchaser under a pre-fire loss purchase contract executed by plaintiff vendor. It is also there asserted defendant had issued to said vendor, before execution of the aforesaid contract, a fire loss insurance policy. Additionally, some of the insured property was destroyed by fire after vendee took possession under the above mentioned contract. The petition also reveals plaintiffs referentially made as a part thereof the defendant issued policy of insurance.

It is further disclosed that on March 12, 1970, vendee Findlay secured from insurer a loss payable endorsement which provides, in essence, loss under the policy will be adjusted with vendee payable, however, to vendor and vendee as their respective interests may appear. This served in effect to make vendee Findlay a real party in interest. See Phoenix Insurance Co. v. Aetna Casualty & Surety Co., 120 Ga.App. 122, 169 S.E.2d 645, 649 (1969), supportively quoting 20A Appleman, Insurance Law and Practice, § 11749 (1963). See also Iowa R.Civ.P. quoted above; Gard v. Razanskas, *supra*; Johnson v. Smith, 210 Iowa 591, 596, 231 N.W. 470 (1930); O'Brien v. Paulsen, 192 Iowa 1351, 1353, 186 N.W. 440 (1922); Northern Assur. Co. v. Del Moral, 300 F. 513, 514 (1st Cir. 1924); Lewis v. Guardian Fire & Life Assur. Co., 181 N.Y. 392, 74 N.E. 224, 225 (1905); Annot., 27 A.L.R.2d 444, 446–453; cf. Bartlett v. The Iowa State Ins. Co., 77 Iowa 86, 87, 41 N.W. 579 (1889).

■ Briefly stated the record before us reveals, (1) plaintiff owner of land obtained from defendant a policy of insurance on fixtures and personalty located thereon, (2) such owner entered into an executory contract for the sale of her land, including insured fixtures and personalty, (3) that executory contract was assigned to plaintiff vendee, (4) while said contract was still in effect some of the insured fixtures and personalty were destroyed by fire, and (5) defendant insurer issued a policy loss payable endorsement providing for payment to vendor and vendee as their respective interests may appear. Under these circumstances we conclude the vendee is a proper party plaintiff and as such may join with plaintiff vendor in an action for recovery under the policy.

This holding is strengthened by the fact it serves to avoid needless multiplicity of suits. Furthermore, the joinder of a vendee's action with that of a vendor runs afoul of no apparent procedural obstruction. See generally Iowa R.Civ.P. 25, 75; Kintzel v. Wheatland Mutual Insurance Ass'n, 203 N.W.2d at 806; S. P. A. Ricordi Officine Grafiche v. World Art Repr. Co., 22 F.R.D. 312, 316 (D.C.S.D.N.Y. 1958).

As to the action brought by plaintiff Dale D. Findlay we reverse and remand for entry by trial court of an order overruling defendant's motion to dismiss.

III. In effect plaintiff vendor asserts she is entitled to like appellate relief.

There is no alternative but to hold this contention has merit in light of Kintzel v. Wheatland Mutual Insurance Ass'n, 203 N.W.2d 799 (Iowa 1973). Further discussion is not necessary.

As to the action brought by plaintiff Ida F. Ambrose we reverse and remand for entry by trial court of an order overruling defendant's motion to dismiss.

■ IV. It is also apparent trial court erred in peremptorily overruling plaintiffs' motion for summary judgment. Without expression of opinion regarding the merits of said motion we now order it be reinstated on remand for further appropriate proceedings. See generally Goodwin v. City of Bloomfield, 203 N.W.2d 582, 588 (Iowa 1973); Davis v. Travelers Insurance Company, 196 N.W.2d 526, 529 (Iowa 1972); Northwestern Nat. Bank of Sioux City v.

Steinbeck, 179 N.W.2d 471, 475–477 (Iowa 1970).

Reversed and remanded for further appropriate proceedings.